[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 611 
¶ 1. Eugene Robinson appeals the denial of his petition for post-conviction relief. He argues that: (1) his plea was involuntary and coerced; (2) his sentence was excessive; (3) he was not afforded effective assistance of counsel; and (4) the process was subject to cumulative error. We find no error and affirm.
 FACTS ¶ 2. On January 21, 2003, Eugene L. Robinson and Lamar Gladney were indicted for armed robbery. On February 18, 2003, Robinson changed his plea from not guilty to guilty. Following a guilty plea hearing, the trial court accepted Robinson's guilty plea and sentenced him to serve thirty years in the custody of the Mississippi Department of Corrections.
 ¶ 3. During the plea colloquy, the prosecutor gave a brief recitation of the facts underlying the crime by reading the indictment. He stated that on December 5, 2002, Robinson and Gladney took, against the will of Janet Tanksley and Versia Fair, $16,567 which was the property of Merchants and Farmers Bank. The trial court also inquired of Robinson whether he committed the crime alleged in the indictment, to which he responded, "Yes."
 ¶ 4. On April 7, 2006, Robinson filed a motion in the Choctaw County Circuit Court requesting post-conviction relief. The trial court denied the motion without an evidentiary hearing. *Page 612 
 STANDARD OF REVIEW ¶ 5. A trial court's denial of post-conviction relief will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State,806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App. 2002). However, when reviewing issues of law, this Court's proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss. 1999).
 ANALYSIS I. Robinson's plea was involuntary and coerced
 ¶ 6. Robinson's first argument is that his plea was involuntary because his attorney coerced him to plead guilty. Specifically, Robinson claims that his attorney advised him to take the guilty plea and receive a thirty year sentence or go to trial and risk a life sentence.
 ¶ 7. Robinson is correct in that a plea is binding only if it is entered into voluntarily. Myers v. State,583 So.2d 174, 177 (Miss. 1991). Uniform Rule of Circuit and County Court 8.04 requires a showing in the record that the guilty plea is voluntarily. Further, "a plea of guilty is not voluntary if induced by fear, violence, deception, or improper inducements." URCCC 8.04.
 ¶ 8. Here, however, Robinson's counsel's advice did not rise to the level of coercion. Counsel has "a duty to fairly, even if that means pessimistically, inform the client of the likely outcome of a trial based upon the facts of the case."Daughtery v. State, 847 So.2d 284, 287 (¶ 6) (Miss.Ct.App. 2003). If the attorney believes that it is in his client's best interest to plead guilty, it is his duty to inform him of that fact. Id. (citing Polk Countyv. Dodson, 454 U.S. 312, 318, 102 S.Ct. 445,70 L.Ed.2d 509 (1981)). This is what occurred. Robinson's counsel felt that it was in his client's best interest to plead guilty and advised him of such.
 ¶ 9. "The fact that a defendant pled guilty because he feared a harsher sentence otherwise, does not render the plea involuntary." Jones v. State, 922 So.2d 31, 35 (¶ 10) (Miss.Ct.App. 2006) (citing Brady v. U.S.,397 U.S. 742, 749-50, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)). Even if Robinson pled guilty because he did not want to risk a potential sentence of life imprisonment, the maximum for this crime, it does not render his plea involuntary. Miss. Code Ann. § 97-3-79 (Rev. 2006). Robinson provided sworn testimony at the guilty plea hearing that no one used threats, coercion, or physical violence to induce his plea. Accordingly, we find that this allegation is without merit.
II. Excessive Sentence
 ¶ 10. Under the issue of excessive sentence, Robinson actually addresses two separate points. First, he alleges that the factual basis underlying the plea is only enough to find him guilty of accessory after the fact. Second, he alleges that the trial court wrongfully denied him early release, probation, or parole. We will analyze each of these allegations separately.
A. Factual Basis
 ¶ 11. Robinson argues that there was not a factual basis underlying the guilty plea to support a conviction of armed robbery. He alleges that the facts presented during the guilty plea hearing only support a conviction of accessory after the fact which carries a much lower sentence.
 ¶ 12. While Robinson is correct that there must be a factual basis underlying the plea, there was such a factual basis presented here to support a guilty plea of armed robbery. The factual basis requirement can be found in Rule 8.04 of the *Page 613 
Uniform Circuit and County Court Rules. We look to the entire record to determine if such a factual basis exists. Drakev. State, 823 So.2d 593, 594 (¶ 5) (Miss.Ct.App. 2002) (citing Corley v. State, 585 So.2d 765, 767-68
(Miss. 1991)). The mere fact that the factual basis does not provide all the details which may be produced at trial does not render the guilty plea fatal. Id. This Court has held that "if sufficiently specific, an indictment or information can be used as the sole source of the factual basis for the plea." Id. at (¶ 6).
 ¶ 13. Here, as in Drake, the indictment was specific as to the crime committed. Robinson's indictment provided all of the elements of the offense of armed robbery. These elements included: "(1) feloniously taken or attempted to take another's personal property; (2) from the person or from the presence; (3) against the person's will; (4) by violence to his person, or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon."Clayton v. State, 946 So.2d 796, 804 (¶ 28) (Miss.Ct.App. 2006) (citing Miss. Code Ann. § 97-3-79). The indictment alleged that Robinson and Gladney took from the presence of Janet Tanksley and Versia Fair $16,567, property of Merchants and Farmers Bank. Further, it alleged that the taking was against Tanksley's and Fair's will and they were in fear of immediate injury by the exhibition of deadly weapons, namely shot-guns. After the reading of the indictment, the trial court asked Robinson if he committed the crime charged. He responded, "Yes."
 ¶ 14. We find that there was a sufficient factual basis to support Robinson's conviction for armed robbery.
B. Denial of early release, probation or parole
 ¶ 15. Robinson also argues that the trial court incorrectly stated that due to the nature of the charge, Robinson would not be eligible for early release, probation, or parole. Robinson quotes the trial court as stating, "If I sentence you to a term of incarceration because of the nature of the charge, you would not be subject to an early release, probation or parole. Do you understand that?" After a thorough search of the record provided to this Court, we are not able to find where the trial court made that statement. The record reveals the following discussion:
 BY THE COURT: Do you understand nobody can guarantee you any early release, probation or parole? If you are sentenced to a term of incarceration, you might have to serve the whole thing?
 BY THE DEFENDANT: Yes.
 BY THE COURT: On the charge of — well, as a matter of fact, on the armed robbery charge if I accept your plea of guilty, whatever the sentence you receive in jail is mandatory. You would have to serve the whole thing. Do you understand that?
 BY THE DEFENDANT: Yes, sir.
 ¶ 16. Early release and parole are matters of legislative grace and are not consequences of a guilty plea. Shanks v.State, 672 So.2d 1207, 1208 (Miss. 1996) (citing Smithv. United States, 324 F.2d 436, 441 (D.C. Cir. 1963)). The trial court is not required to explain it. Id. Here, Robinson cites to Mississippi Code Annotated § 47-5-139(1)(e) to support his proposition that he should gain earned time after serving ten years of his sentence. The code section to which he cites states that he can earn time for early release once he has served the mandatory portion of his sentence before he becomes eligible for parole. Mississippi Code Annotated § 47-7-3(1)(d)(ii) "no person who commits a robbery *Page 614 
by displaying a deadly weapon shall be eligible for parole." The mandatory portion of Robinson's sentence would be the entirety of the imprisonment, as he would not be eligible for parole.
 ¶ 17. Therefore, the trial court was not in error when it stated that due to the nature of the charge, robbery through the display of a deadly weapon, Robinson would be required to serve the entire sentence. We find this issue is without merit.
 III. Robinson was not afforded effective assistance of counsel
 ¶ 18. Robinson claims that his counsel was ineffective for a number of reasons in violation of his Sixth Amendment right to counsel. Namely, Robinson argues that: he should have only been convicted for accessory after the fact at most; he was never informed of the consequences of the guilty plea; he was subject to more than the thirty years of imprisonment to which he agreed in his plea bargain; and his attorney failed to investigate the crime.
 ¶ 19. To prevail on a claim of ineffective assistance of counsel, Robinson must demonstrate that his counsel's performance was deficient and that this deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668,687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden of proof rests with Robinson, and we will measure the alleged deficiency within the totality of circumstances. Hiter v. State,660 So.2d 961, 965 (Miss. 1995); Carney v. State,525 So.2d 776, 780 (Miss. 1988). However, a presumption exists that the attorney's conduct was adequate. Burns v. State,813 So.2d 668, 673 (¶ 14) (Miss. 2001).
 ¶ 20. The first complaint was previously addressed during the discussion about the factual basis of the plea. As to the second and third complaint, they can be discussed together. Robinson argues that he was not explained the consequences of a guilty plea and that the guilty plea subjected him to a longer imprisonment than the thirty years which was found in his plea agreement. In the event that his counsel did fail to explain to him the consequences of his plea, he cannot say that it prejudiced his defense. The trial court clearly explained the consequences of the plea, including the rights that would be forfeited and the potential sentence that he would receive. Further, the trial court explained what effect the guilty plea would have on other outstanding charges, specifically no effect. After receiving that information from the trial court, Robinson could have withdrawn his plea, but he chose instead to enter a plea of guilty.
 ¶ 21. The final argument was that Robinson's attorney failed to investigate the offense. For failure to investigate to become ineffective assistance of counsel, the defendant must state with particularity what the investigation would have revealed and how it would have altered the outcome.Triplett v. State, 840 So.2d 727, 731 (¶ 11) (Miss.Ct.App. 2002). In his brief, Robinson stated that after interviewing the co-defendant, his attorney would have realized that his "involvement in the crime was at a minimum." The record does not support this allegation, but does support the factual basis that Robinson went into Merchants and Farmers Bank with Gladney, while wielding shotguns, to rob the bank. While Robinson may have had little involvement in the crime, it does not appear that it was as an accessory after the fact as he suggests. If he was an accessory in the crime, it was an accessory before the fact. In which case, he would still be charged as a principal. Robinson has failed to state with particularity anything that further reasonable investigation would have revealed or how it would have altered the outcome.Id. *Page 615 
 ¶ 22. Robinson has failed to overcome the presumption that his counsel was effective and further failed to demonstrate with particularity how his defense was prejudiced due to ineffective assistance of counsel. Therefore, this allegation is without merit.
IV. Cumulative Error
 ¶ 23. Robinson argues that if the aforesaid errors should not be grounds for relief, their cumulative effect should be grounds for relief. As we have previously stated, the allegations above were without merit. "As there was no reversible error in any part, so there is no reversible error to the whole." McFee v. State, 511 So.2d 130, 136
(Miss. 1987).
 ¶ 24. In addition to cumulative error, Robinson argues several issues in his statement of issues which he fails to discuss or provide support. These issues include, failure to include the judicial district in the indictment and never being told of his right to appeal. The supreme court "has held that failure to cite to relevant authority relieves us of the duty of reviewing the issue." Brawner v. State, 947 So.2d 254,265 (¶ 32) (Miss. 2006) (citing Glasper v. State,914 So.2d 708, 726 (¶ 40) (Miss. 2005)). Therefore, since Robinson failed to provide this Court with any relevant citation or support for these two issues, we will not address them.
 ¶ 25. Accordingly, we find no merit to the issues raised by Robinson. We affirm the trial courts denial of post conviction relief.
 ¶ 26. THE JUDGEMENT OF THE CHOCTAW COUNTY CIRCUITCOURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OFTHIS APPEAL ARE ASSESSED TO CHOCTAW COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.