967 So.2d 685 (2007)
Kevin Wayne EALEY a/k/a Kevin Ealey, Appellant,
v.
STATE of Mississippi, Appellee.
Kevin Wayne Ealey a/k/a Kevin Ealey, Appellant,
v.
State of Mississippi, Appellee.
Nos. 2006-CP-00552-COA, 2006-KP-01349-COA.
Court of Appeals of Mississippi.
October 30, 2007.
*687 Kevin Wayne Ealey, appellant, pro se.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
EN BANC.
CARLTON, J., for the Court.
¶ 1. In March 2003, Kevin Ealey entered a guilty plea in the Circuit Court of Adams County for possession of cocaine. Ealey filed a motion for post-conviction relief which was summarily denied. Ealey appeals pro se and argues (1) that his guilty plea lacked a factual basis, (2) that he was denied effective assistance of counsel, (3) that the search which yielded the cocaine was unlawful, and (4) that he was not in constructive possession of the cocaine. We find no error and affirm.

FACTS
¶ 2. In July 2002, Ealey, a prior convicted felon, was riding in the back seat of a rented vehicle occupied by three other men. The four stopped at Taste of Chicago in Natchez, Mississippi, and two of them went inside the restaurant, leaving the driver, Tramelle Wallace, and Ealey in the vehicle. Narcotics officers from Adams County then pulled alongside the vehicle. The ensuing search yielded the following: (1) $11,000 found on Wallace's person, (2) 540 grams of cocaine and $25,000 found inside the center console between the two front seats, (3) a handgun found behind the driver seat, and (4) a receipt for the purchase of baking soda and "baggies."
¶ 3. On October 29, 2002, Ealey was indicted in the Circuit Court of Adams County for possession of cocaine with intent to sell in a church zone. Ealey filed a motion to suppress and a suppression hearing was held, at which Ealey challenged the legality of the search of the vehicle. At this hearing, Officer Jerry Brown, one of the officers present at the search, testified regarding the search and the evidence derived therefrom including the 540 grams of cocaine, $36,000 in cash, the handgun, and the receipt for the purchase of baking soda and "baggies." He also testified that Ealey and Wallace were from Houston, Texas, and that they claimed they were staying in Vidalia, Louisiana, with some friends and were in Natchez, Mississippi, only to get a hamburger at the Taste of Chicago. Officer Brown also stated that neither Ealey nor the driver were able to name the friends that they were allegedly staying with.
¶ 4. The trial judge denied Ealey's motion to suppress, whereupon a plea bargain agreement was reached between Ealey and the district attorney that Ealey would plead guilty to a reduced charge of simple possession of cocaine. On March 11, 2003, a hearing was held to determine whether the trial court would accept Ealey's plea. During the plea colloquy the following relevant discussion took place.

*688 COURT: Okay, All right. Now, are each of you pleading guilty because you are, in fact, guilty of this charge of possession of cocaine on July 25, 2002? Are you, in fact, guilty of your part in this crime, Mr. Ealey? Mr. Ealey, let me advise you about the nature of the law about this. Of course, I have heard a lot by way of motions and everything, but under the law, regardless of where initially it came from or who bought it or what, you were in the vehicle?
EALEY: Yes.
COURT: If you were aware of its presence in the vehicle in there and that, then under the law, that would be sufficient, but I don't want you pleading guilty to something you are not guilty, but I heard evidence about the search and everything and you being in the vehicle. So are you guilty of knowing that these drugs were in this vehicle?
EALEY: I didn't know, but I am guilty. I don't know how to say it or what to say.
. . . .
COURT: Before I can take a plea, you have to acknowledge your guilt to me, and, again, I don't want to do that if that's not what the situation is, but you have to decide whether or not you are guilty of this offense and you want to plead guilty, or, if you want a trial, [we can go] ahead and proceed with a trial in this case.
EALEY: Guilty.
COURT: Why don't you tell me in your own words what happened Mr. Ealey.
EALEY: I don't want to 
COURT: Do what?
EALEY: I don't want to go to trial. I'll lose and then I get all them years. That's why I'll go on and plead now.
EALEY'S ATTORNEY: Your Honor, may I speak with him for a minute?
COURT: Yes. The Court is going to take a short recess.
[Following the recess]
COURT: All right. Now Mr. Ealey and Mr. Wallace, the Court is going to ask you again. Are you pleading guilty to this charge because y'all are, in fact, guilty of this offense? Now, Mr. Ealey, are you pleading guilty because you are guilty?
EALEY: Yes, sir.
¶ 5. The trial court then asked Ealey's attorney if he was "satisfied from the evidence that there is a factual basis for this plea?" He responded that he was. The trial court then asked the State if a factual basis existed "as set out in the hearing and in other matters that have come up before this Court?" The State responded, "It does have such a basis, your honor." After this discussion, whereby the trial judge acknowledged the evidence from the suppression hearing and the defendant, after a recess with his attorney, unequivocally admitted his guilt, the trial court accepted Ealey's plea of guilty. Ealey was sentenced to twenty years imprisonment with five years suspended and five years of post-release supervision and ordered to pay a fine of $10,000 plus all court costs and fees.
¶ 6. On October 19, 2004, Ealey filed a motion for post-conviction relief. In his motion, Ealey argued (1) that he was denied effective assistance of counsel, (2) that his guilty plea lacked a factual basis, and (3) that he was not in constructive possession of the cocaine. The trial court summarily denied his motion. Aggrieved by the trial court's ruling, Ealey appeals.

STANDARD OF REVIEW
¶ 7. On appeal from the denial of a motion for post-conviction relief, we will not disturb the trial court's decision unless *689 we find the decision to be clearly erroneous. Felder v. State, 876 So.2d 372, 373(¶ 4) (Miss.2004). However, questions of law are reviewed de novo. Brown v. State, 731 So.2d 595, 598 (Miss.1999).

DISCUSSION
1. Factual Basis for Guilty Plea
¶ 8. Ealey asserts that the trial court's acceptance of his guilty plea was devoid of a factual basis. Specifically, Ealey contends that the testimony given at the plea hearing was insufficient to form a factual basis for the acceptance of his guilty plea. The State responds that, in addition to testimony given at the guilty plea hearing, the trial judge had before him facts brought forth at the suppression hearing, which was conducted the day before the plea hearing. The State argues that the facts adduced from these two sources were adequate to provide the factual basis necessary for the trial judge to accept Ealey's plea.
¶ 9. Prior to accepting a plea of guilty, the trial court is required to determine "that there is a factual basis for the plea." URCCC 8.04(A)(3). The reason for the rule is:
to push the court to delve beyond the admission of guilt lying on the surface and determine for itself whether there is substantial evidence that the petitioner did in fact commit those crimes he is charged with and is not entering the plea for some other reason that the law finds objectionable.
Gaskin v. State, 618 So.2d 103, 106 (Miss. 1993).
¶ 10. The trial court must have before it evidence "sufficiently specific to allow the court to determine that the defendant's conduct was within the ambit of that defined as criminal." Lott v. State, 597 So.2d 627, 628 (Miss.1992) (quoting United States v. Oberski, 734 F.2d 1030, 1031 (5th Cir.1984)). The fact that a defendant entered a plea of guilty is not alone sufficient to form a factual basis for the acceptance of the plea. Hannah v. State, 943 So.2d 20, 26-27(¶ 16) (Miss.2006) (citing Lott v. State, 597 So.2d 627, 628 (Miss.1992)). However, our supreme court has explained that a guilty plea coupled with "an independent evidentiary suggestion of guilt" is sufficient to form a factual basis. Hover v. State, 773 So.2d 421, 424(¶ 12) (Miss.2000); see also Corley v. State, 585 So.2d 765, 767 (Miss.1991) ("Fair inference favorable to guilt may facilitate the finding."). "The law does not require that a defendant admit every aspect of a charge against him." Gazzier v. State, 744 So.2d 776, 779(¶ 7) (Miss.1999) (holding that a factual basis existed to support a guilty plea to rape notwithstanding that defendant denied the element of penetration at the plea hearing). The facts required to be shown are determined by the elements of the crime charged. Corley, 585 So.2d at 767.
¶ 11. As Ealey was not in actual possession of the cocaine, the trial judge must have had facts before him that created a fair inference that Ealey was in constructive possession of the cocaine. Constructive possession may be established where the evidence, considered under the totality of the circumstances, shows that the defendant "conscientiously exercised control over the contraband." Dixon v. State, 953 So.2d 1108, 1112(¶ 9) (Miss.2007) (citing Berry v. State, 652 So.2d 745, 750-51 (Miss.1995)). "Constructive possession may be shown by establishing that the drug involved was subject to [the defendant's] dominion or control." Curry v. State, 249 So.2d 414, 416 (Miss.1971). The defendant's close physical proximity to the contraband is usually required, but is not in and of itself sufficient to establish constructive possession unless "other incriminating *690 circumstances" are present. Id. at 416.
¶ 12. In the instant case, the testimony given at the plea hearing provided little beyond Ealey's admission to the crime of possession of cocaine. However, this does not render Ealey's plea invalid. Mississippi law recognizes that there are multiple forms from which the required factual basis may be established. Corley, 585 So.2d at 767 (facts adduced from preliminary hearing); Gaskin v. State, 618 So.2d 103, 106 (Miss.1993) (sworn statements from witnesses); Brown v. State, 533 So.2d 1118, 1124 (Miss.1988) (facts adduced from hearing on demurrer to indictment). Thus, in reviewing whether a factual basis existed for the acceptance of a guilty plea, "this Court is not limited to the transcript of [the] guilty plea hearing, but we are allowed to review the record as a whole." Boddie v. State, 875 So.2d 180, 183(¶ 8) (Miss.2004) (citation omitted).
¶ 13. Accordingly, we now turn to the facts adduced at the suppression hearing to determine if "an independent evidentiary suggestion of guilt" accompanied Ealey's admission of guilt. Officer Brown's testimony at the suppression hearing, detailed above, showed that Ealey was riding across several states in a rented vehicle containing a large amount of drugs, a large sum of money, a gun, and a receipt for the purchase of products regularly used in the sale of cocaine. From these facts, it is fairly inferable that Ealey was aware of the character and presence of the cocaine and that it was subject to his dominion and control. Thus, these facts provide an evidentiary suggestion of guilt independent of Ealey's admission.
¶ 14. Additionally, we note that our supreme court has instructed that "[a] factual showing does not fail merely because it does not flesh out the details which might be brought forth at trial." Corley, 585 So.2d at 767. To this end, it is entirely possible that evidence might have been presented at trial which more affirmatively proved that Ealey was in possession of the cocaine.
¶ 15. Considering the totality of the circumstances, we find that the trial judge's acceptance of Ealey's guilty plea was supported by substantial evidence. Based on the facts in the record, we cannot say that the trial judge's acceptance of Ealey's guilty plea was clearly erroneous. Therefore, we find that a factual basis existed sufficient to undergird the trial judge's acceptance of Ealey's guilty plea to possession of cocaine. This issue is without merit.
2. Ineffective Assistance of Counsel
¶ 16. Ealey asserts that the performance of his trial counsel, David Read, was constitutionally inefficient. He claims that Read failed to conduct an independent investigation into his case, failed to interview witnesses favorable to him, and failed to file the proper motions. Ealey also claims that Read coerced him to plead guilty by advising him that if he chose to go to trial he would be convicted and sentenced to sixty years in jail.
¶ 17. We review Ealey's argument under a two-part inquiry to determine whether counsel's performance was deficient, and whether the deficient performance was prejudicial to his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Swington v. State, 742 So.2d 1106, 1114(¶ 22) (Miss.1999). We consider the "totality of the circumstances" in determining if counsel's actions were deficient and prejudicial. Id. at 1114(¶ 22) (citation omitted). In the context of a guilty plea, the focus is whether the defendant has shown that there is a reasonable probability *691 that, but for the errors of his counsel, he would not have entered a guilty plea, would have insisted on going to trial, and that the outcome would have been different. Hannah v. State, 943 So.2d 20, 24(¶ 7) (Miss.2006).
¶ 18. Ealey offers only his bare assertions as proof that he was denied effective assistance of counsel. In his motion for post-conviction relief, he provided no affidavits or proposed testimony of other witnesses to support his contentions. Ealey offers no exculpatory evidence that his attorney would have discovered by more thoroughly investigating the case nor does he identify which motions his attorney should have, but failed to file.[1] It is firmly established that mere allegations are insufficient to entitle a defendant to an evidentiary hearing on a post-conviction claim of ineffective assistance of counsel. Gazzier, 744 So.2d at 778-79(¶ 6) (citing Robertson v. State, 669 So.2d 11 (Miss. 1996)). Post-conviction claims of ineffective assistance are properly dismissed where the defendant offers only his affidavit in support of his allegations. Vielee v. State, 653 So.2d 920, 922 (Miss.1995); Brooks v. State, 573 So.2d 1350, 1354 (Miss.1990).
¶ 19. Moreover, the transcript of the guilty plea hearing contradicts Ealey's claim that his attorney coerced him to plead guilty. At the plea hearing, Ealey represented that no one had threatened him to plead guilty. Our supreme court has held that "when the only support offered by a convict is his own affidavit, and his affidavit is contradicted by his own sworn statement, an evidentiary hearing is not required." Young v. State, 731 So.2d 1120, 1123(¶ 12) (Miss.1999).
¶ 20. Here the trial court found that Ealey failed to provide "any substance whatsoever" in support of his motion for post-conviction relief. For the reasons discussed above, we do not find the trial court's decision to be clearly erroneous. The arguments advanced by Ealey fail to meet the required burden that counsel was deficient, and that Ealey was prejudiced by counsel's deficiency. This issue is without merit.
3. Sufficiency of Evidence/Illegal Search
¶ 21. Ealey argues that the evidence was insufficient to establish that he was in possession of the cocaine. He also asserts that the search of the vehicle was illegal. These claims are procedurally barred.
¶ 22. It is well-settled that a valid plea of guilty waives all non-jurisdictional defects incident to trial. Dennis v. State, 873 So.2d 1045, 1048(¶ 9) (Miss.Ct.App.2004) (citing Anderson v. State, 577 So.2d 390, 391 (Miss.1991)). Our supreme court has squarely held that a guilty plea waives a claim alleging an illegal search or seizure as well as the prosecution's requirement to prove each element of the offense beyond a reasonable doubt. King v. State, 738 So.2d 240, 240(¶¶ 4-5) (Miss.1999); Jefferson v. State, 556 So.2d 1016, 1019 (Miss. 1989).
¶ 23. Having already determined that Ealey entered and the trial judge accepted a valid guilty plea, we find that Ealey's challenge to the sufficiency of the evidence *692 and the legality of the search are waived. This issue is without merit.
¶ 24. THE JUDGMENT OF THE ADAMS COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IN CAUSE NO. 2006-CP-00552 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ADAMS COUNTY.
¶ 25. THE APPEAL IN CAUSE NO. 2006-KP-1349 IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ADAMS COUNTY.
LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY. KING, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION.
KING, C.J., Dissenting:
¶ 26. Because I believe that the trial court lacked an evidentiary foundation for the acceptance of Ealey's plea of guilty, I dissent from the majority opinion herein.
¶ 27. On October 29, 2002, Ealey was indicted in the Circuit Court of Adams County for possession of cocaine with intent to sell in a church zone. As part of an agreement with the district attorney, Ealey then pled guilty on March 11, 2003, to a reduced charge of simple possession of 540 grams of cocaine. The record showed that Ealey was a passenger in a vehicle in which a substantial amount of cocaine was found. He was sitting in the backseat on the passenger's side while the drugs were found in a closed console between the two front seats.
¶ 28. During the plea colloquy, Ealey stated that he did not know the drugs were in the car, but that he was guilty. He went on to say that he was entering a guilty plea because he did not want to go to trial on the original enhanced charge and "get all them years." After speaking with counsel during a short recess, Ealey stated he was pleading guilty because he was in fact guilty. However, he never disavowed his prior claim that he lacked knowledge of the presence of the drugs.
¶ 29. Notwithstanding this, the trial court accepted Ealey's plea of guilty.
¶ 30. In his appeal, Ealey argues that the trial court failed in its obligation to make a factual inquiry beyond the simple phrase "I am guilty." I agree with the argument. The record as presently before this Court does not demonstrate that the trial court met its obligation to make an independent determination that a factual basis existed for Ealey's guilty plea.
¶ 31. Prior to accepting a plea of guilty, the trial court "must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea." URCCC 8.04(A)(3) (emphasis added). This rule is taken very seriously. Corley v. State, 585 So.2d 765, 766 (Miss. 1991) (citing Brown v. State, 533 So.2d 1118, 1124 (Miss.1988)). The purpose of the requirement is:
to push the court to delve beyond the admission of guilt lying on the surface and determine for itself whether there is substantial evidence that the petitioner did in fact commit those crimes he is charged with and is not entering the plea for some other reason that the law finds objectionable.
Gaskin v. State, 618 So.2d 103, 106 (Miss. 1993).
¶ 32. There are several different ways to provide the factual basis for the guilty plea. They include: (1) testimony given at the plea hearing by a prosecution investigator, (2) a concise statement of facts given by the prosecutor to establish the crime, (3) testimony from live witnesses, and (4) consideration of factual proceedings *693 already before the court. Corley, 585 So.2d at 767. Corley goes further to say that the defendant's admission alone may suffice, or that we can take the testimony of the defendant into account with other evidence. Id. For the admission of guilt to provide the factual basis, "the admission must contain factual statements constituting a crime or be accompanied by independent evidence of guilt." Hannah v. State, 943 So.2d 20, 27(¶ 16) (Miss.2006). The factual basis cannot be merely implied from the fact that a guilty plea was entered. Lott v. State, 597 So.2d 627, 628 (Miss.1992). Mainly, "there must be enough that the court may say with confidence the prosecution could prove the accused guilty of the crime charged, `that the defendant's conduct was within the ambit of that defined as criminal.'" Gaskin, 618 So.2d at 106 (quoting Corley, 585 So.2d at 767). The facts required are determined by the elements of the offense. Corley, 585 So.2d at 767. Here, the offense charged is simple possession. Further, since he was not in actual possession the factual basis must support a charge of constructive possession. It requires that the accused be aware of the character and presence of the substance and that it was subject to his dominion and control. Dixon v. State, 953 So.2d 1108, 1112(¶ 9) (Miss.2007).
¶ 33. This case lacks such a required factual basis. The trial court indicated that it would consider the evidence from the suppression hearing in determining the existence of a factual basis for the plea. While the suppression hearing did provide more facts than the plea colloquy, that hearing still does not contain any facts that connected Ealey to the cocaine found in the car. The suppression hearing explained that Ealey was a passenger in the backseat of a vehicle in which 540 grams of cocaine were found. These drugs were found in a closed center console between the two front seats along with a substantial sum of money. Officer Jerry Brown, one of the officers who was present during the search and arrest, testified during the suppression hearing. While Officer Brown provided information to justify the search, he did not state that any incriminating evidence was found on Ealey. Officer Brown did not testify as to any connection between Ealey and the concealed money, the concealed drugs, the concealed gun, or the "receipt for the purchase of products regularly used in the sale of cocaine," other than he shared the same residency, Houston, Texas, as the driver. Nor did Officer Brown testify that Ealey provided any indication that he knew the drugs were in the car.
¶ 34. Thus, we look to the plea colloquy for any facts that could provide a factual basis for the guilty plea. The relevant discussion that occurred in the plea colloquy is as follows:[2]
COURT: Okay. All right. Now, are each of you pleading guilty because you are, in fact, guilty of this charge of possession of cocaine on July 25, 2002? Are you, in fact, guilty of your part in this crime, Mr. Ealey? Mr. Ealey, let me advise you about the nature of the law about this. Of course, I have heard a lot by way of the motions and everything, but under the law, regardless of where initially it came from or who bought it or what, you were in the vehicle?
EALEY: Yes.

*694 COURT: If you were aware of its presence in the vehicle in there and that, then under the law, that would be sufficient, but I don't want you pleading guilty to something you are not guilty, but I heard evidence about the search and everything and you being in the vehicle. So are you guilty of knowing that these drugs were in this vehicle?
EALEY: I didn't know, but I am guilty. I don't know how to say it or what to say.
COURT: Mr. Ealey, I am going to tell you, sir. I don't want to take a plea from you if you are not guilty of this charge, but that's why there is a jury down there and we can proceed with a jury trial in this matter. [trial court's discussion with co-defendant]
. . . .
[Trial court addressing Ealey] Before I can take a plea, you have to acknowledge your guilt to me, and, again, I don't want to do that if that's not what the situation is, but you have to decide whether or not you are guilty of this offense and you want to plead guilty, or if you want a trial, [we can go] ahead and proceed with a trial in this case.
EALEY: Guilty.
COURT: Why don't you tell me in your own words what happened Mr. Ealey.
EALEY: I don't want to 
COURT: Do what?
EALEY: I don't want to go to trial. I'll lose and then I get all them years. That's why I'll go on and plead now.
EALEY'S ATTORNEY: Your Honor, may I speak with him for a minute?
COURT: Yes. The Court is going to take a short recess.
[Following the recess]
COURT: All right. Now Mr. Ealey and Mr. Wallace, the Court is going to ask you again. Are you pleading guilty to this charge because y'all are, in fact, guilty of this offense? Now, Mr. Ealey, are you pleading guilty because you are guilty?
EALEY: Yes, sir.
¶ 35. The trial court then asked the attorneys of each defendant, "Are you satisfied from the evidence that there is a factual basis for this plea?" Each responded that there was a factual basis. The trial court then asked the State, "Does the State, in fact, have a factual basis as set out in the hearing in the other matters that have come up before this Court." To which the State responded, "It does have such a basis, your honor."
¶ 36. After this discussion, the trial court found that the pleas were entered voluntarily and knowingly and that there was a firm factual basis for the pleas. After making such a finding, the trial court accepted the pleas of guilty.
¶ 37. The facts provided from the record merely show that Ealey was a passenger in a vehicle in which drugs were found, and that he was not aware of the character and presence of the cocaine. It appears that the trial court recognized this inadequacy and attempted to address it when it told Ealey that it would have been enough for him to know that the drugs were in the vehicle. However, Ealey inadvertently thwarted this attempt by stating that he did not know the drugs were in the car. The trial court again tried to clear up any problems with a factual basis when it asked Ealey to state what happened in his own words. Once again, Ealey foiled the trial court's attempt by merely stating that he was pleading guilty because he did not want to risk an enhanced sentence.
¶ 38. The trial court, without further inquiry, asked Ealey if he was pleading guilty because he was in fact guilty, to which Ealey responded in the affirmative. *695 This Court has held that a bare admission of guilt will not create a factual basis, unless the admission contains facts that support the guilty plea. Hannah, 943 So.2d at 27(¶ 16). Here, Ealey's admission fails to include any additional facts. Therefore, Ealey's plea alone will not suffice for a factual basis.
¶ 39. While it is true that Ealey's attorney stipulated that there was a factual basis in the record, it is the duty of the trial court to determine that there is a factual basis for the plea, as the purpose of the "requirement is to push the court to delve beyond the admission of guilt lying on the surface and determine for itself whether there is substantial evidence that the petitioner did in fact commit those crimes he is charged with and is not entering the plea for some other reason that the law finds objectionable." Gaskin, 618 So.2d at 106 (emphasis added). Further, Uniform Rule of Circuit and County Court 8.04(A)(3) requires that "[b]efore the trial court may accept a plea of guilty, the court must determine that . . . there is a factual basis for the plea." (emphasis added).
¶ 40. There is nothing to prohibit the parties from stipulating to certain facts that may create a factual basis, however that stipulation must be specific rather than a general conclusory statement. URCCC 8.04(A)(3) and case law prohibit the court from substituting the parties' stipulation that there is a factual basis for its own duty.
¶ 41. I believe that, given the record before this Court, the motion for post-conviction relief should have been granted and the guilty plea vacated.
NOTES
[1] The record reflects that Ealey's attorney filed a motion to suppress evidence found during the search of the vehicle. It is clear from the record that Ealey's attorney aggressively attacked the legality of the search at the suppression hearing and that he was very knowledgeable of the facts and circumstances of the case as evidenced by his cross-examination of Officer Brown.
[2] The excerpt is from the Ealey and Tramelle Wallace plea colloquy. Wallace was the driver of the vehicle in which the cocaine was found. They were co-defendants offering a plea to identically reduced charges. Since they were charged with the same crime arising out of the same facts, the trial court chose to address them in one plea colloquy.