973 So.2d 1040 (2008)
Kenneth Dewayne DAVIS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2007-CP-00544-COA.
Court of Appeals of Mississippi.
January 29, 2008.
*1042 Kenneth Dewayne Davis, Appellant, pro se.
Office of the Attorney General by Laura Hogan Tedder, attorney for appellee.
Before LEE, P.J., CHANDLER and BARNES, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. On November 7, 2005, in the Copiah County Circuit Court, Kenneth Davis pleaded guilty to one count of sale of a controlled substance. Davis also pleaded guilty to conspiracy to commit capital murder. On the controlled substance charge, Davis was sentenced to serve twenty-five years in the custody of the Mississippi Department of Corrections. On the conspiracy charge, Davis was sentenced to serve twenty years in the custody of the MDOC. The trial court ordered both sentences to run consecutively.
¶ 2, On February 15, 2007, Davis filed a motion for post-conviction relief. The trial court denied Davis's motion for relief on March 15, 2007. Davis now appeals, asserting the following issues: (1) he received ineffective assistance of counsel, (2) his guilty plea was not entered into voluntarily or intelligently, (3) the trial court failed to conduct a proper hearing, and (4) the trial court should have granted an expansion of the record and an evidentiary hearing. Finding no merit to Davis's issues, we affirm.

STANDARD OF REVIEW
¶ 3. A trial court's denial of post-conviction relief will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). However, when issues of law are raised, the proper standard of review is de novo. Brown v. State, 731 So.2d 595, 5980(¶ 6) (Miss.1999).

*1043 DISCUSSION
I. WAS DAVIS'S COUNSEL INEFECTIVE?
¶ 4. In his first issue on appeal, Davis argues that he received ineffective assistance of counsel. To prevail, on this issue Davis must demonstrate that his trial counsel's performance was deficient and the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In the context of a guilty plea, Davis must demonstrate that his counsel's performance fell below the range of competence demanded of attorneys in criminal cases and that but for the attorney's substandard performance, he would have insisted on going to trial. See Alexander v. State, 605 So.2d 1170, 1173 (Miss.1992).
¶ 5. Davis claims that his trial counsel conspired with the prosecution to force him to plead guilty to the sale of a controlled substance charge. However, Davis fails to support these allegations and uses this issue to reassert his innocence on this particular charge. Furthermore, during the plea colloquy, Davis stated that he was satisfied with the advice of his attorney. This issue is without merit.
II. WAS DAVIS'S GUILTY PLEA ENTERED INTO VOLUNTARILY?
¶ 6. In his second issue on appeal, Davis argues that his guilty plea was not entered into voluntarily or intelligently. Davis claims that he was coerced into pleading guilty and telling the trial court that he had not been threatened in any way. A plea is considered "voluntary and intelligent" if the defendant knows the elements of the charge against him, understands the charge's relation to him, what effect the plea will have, and what sentence the plea may bring. Alexander, 605 So.2d at 1172. Furthermore, solemn declarations in court carry a strong presumption of verity. Gable v. State, 748 So.2d 703, 706(¶ 11) (Miss.1999).
¶ 7. During the plea colloquy, Davis was informed of the charges against him, the effect of the plea, what rights he would waive if he pleaded guilty, and the possible sentence he could receive. Davis indicated that he understood everything that was explained. Davis admitted to committing both crimes to which he pleaded guilty. Davis stated that he was satisfied with his attorney, and he entered into the guilty plea of his own free will. To survive summary dismissal, a collateral attack on a facially correct plea must include supporting affidavits of other persons. Baker v. State, 358 So.2d 401, 403 (Miss.1978). Davis has not done so; thus, we find this issue to be without merit.
III. DID THE TRIAL COURT FAIL TO CONDUCT A PROPER HEARING?
¶ 8. In his third issue on appeal, Davis argues that the trial court failed to conduct a proper hearing pursuant to Rule 8.04(A)(3) of the Uniform Rules of Circuit and County Court Practice. Rule 8.04(A)(3) states the following:
Before the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea. A plea of guilty is not voluntary if induced by fear, violence, deception, or improper inducements. A showing that the plea of guilty was voluntarily and intelligently made must appear in the record.
¶ 9. Davis's main assertion is that there was no factual basis for the plea. Although Davis does not specify which charge, we will discuss both. The factual basis requirement is met when the *1044 record "contain[s] `enough that the court may say with confidence the prosecution could prove the accused guilty of the crime charged.'" Jones v. State, 936 So.2d 993, 999(¶ 21) (Miss.Ct.App.2006) (quoting Corley v. State, 585 So.2d 765, 767 (Miss. 1991)). An adequate factual basis for the plea may be formed by any record evidence before the court, including the defendant's admission of guilt. Corley, 585 So.2d at 767.
¶ 10. Here, the State was prepared to show that Davis had conspired with numerous individuals to murder Corey Johnson. The State had evidence to show that Davis had exchanged money with someone to murder Johnson. Davis admitted these facts. In regards to the other charge, the State was prepared to offer the testimony of James Reagan, an agent for the Mississippi Bureau of Narcotics, who would testify that Davis sold him over one ounce but less than one kilogram of marijuana. The State was also prepared to call other witnesses involved in the drug buy. Davis admitted these facts as well. We find no merit to this issue.
IV. DID THE TRIAL COURT ERR IN FAILING TO EXPAND THE RECORD AND GRANT AN EVIDENTIARY HEARING?
¶ 11. In his final issue on appeal, Davis argues that his post-conviction motion raised facts which required the trial court to grant an expansion of the record and conduct an evidentiary hearing. Davis contends that because he raised questions regarding his attorney's effectiveness and the validity of his guilty plea, he was entitled to an evidentiary hearing.
¶ 12. "[A] post-conviction collateral relief petition which meets basic pleading requirements is sufficient to mandate an evidentiary hearing unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Turner v. State, 590 So.2d 871, 874 (Miss.1991) (emphasis added). Davis has not presented any facts which would entitle him to relief; therefore, the trial court did not err by not conducting an evidentiary hearing. This issue is without merit.
¶ 13. THE JUDGMENT OF THE COPIAH COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COPIAH COUNTY.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ. CONCUR.