995 So.2d 142 (2008)
Tommy HAMBERLIN, Appellant
v.
STATE of Mississippi, Appellee.
No. 2007-CP-01307-COA.
Court of Appeals of Mississippi.
November 25, 2008.
*143 Tommy Hamberlin, pro se.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before KING, C.J., IRVING, CHANDLER and BARNES, JJ.
BARNES, J., for the Court.
¶ 1. Tommy Hamberlin now appeals to this Court pro se from the order of the Circuit Court of Warren County denying his motion for post-conviction relief. Finding no error, we affirm.

FACTS
¶ 2. In July 2006, Hamberlin was indicted in Warren County, Mississippi on two separate charges of the sale of cocaine, one occurring on October 24, 2005, and the other occurring on October 25, 2005. Hamberlin retained Omar L. Nelson as his counsel. Mr. Nelson visited with Hamberlin several times regarding his case and possible plea agreements. Hamberlin was resistant to the idea of a plea agreement. During the first arraignment proceeding, Hamberlin became ill and was hospitalized. While Hamberlin was in the hospital, Mr. Nelson contacted Hamberlin's family and renewed his efforts to convince Hamberlin to accept the State's plea agreement. Hamberlin still refused the plea offer by the State.
¶ 3. On or about February 7, 2007, immediately prior to the trial, Mr. Nelson had Hamberlin sign a petition to enter pleas of guilty in cause numbers 06-0181 and 06-0182 and an agreed order revoking his suspended sentence. Hamberlin filed his signed and sworn petitions to enter guilty pleas for two counts of possession of cocaine. The pleas stated that the State would recommend to the court that Hamberlin be sentenced to eight years as a habitual offender[1] on one of the convictions, seven years as a non-habitual offender on the other, and five years in consequence of the revocation of Hamberlin's post-release supervision. This equated to a total of twenty years' imprisonment. An agreed order of revocation was also entered. On the day of the filing, the circuit court conducted a hearing on the petitions. The trial court accepted the State's recommendations with credit being given for the 180 days Hamberlin had already served on the 2001 conviction.[2]
*144 ¶ 4. On May 10, 2007, Hamberlin filed a "Motion for Sentencing Reconsideration Reduction and/or Correction," in which he sought to have the sentences and the order revoking his post-release conviction vacated. Hamberlin maintained in his motion that he thought his sentences were to run concurrently rather than consecutively, and alleged that his attorney had lied to him. Accordingly, Hamberlin thought the maximum sentence that he would receive under the guilty pleas would be eight years. The trial court denied the motion without an evidentiary hearing on July 11, 2007. Hamberlin now appeals the trial court's decision. Finding no error, we affirm.

STANDARD OF REVIEW
¶ 5. "When reviewing the denial of a motion for post-conviction relief, we will not disturb the trial court's factual findings unless they are found to be clearly erroneous." Lockhart v. State, 980 So.2d 336, 338(¶5) (Miss.Ct.App.2008) (citing Pace v. State, 770 So.2d 1052, 1053(¶4) (Miss.Ct. App.2000)). "However, where questions of law are raised, the applicable standard of review is de novo." Id.

I. Whether Hamberlin's guilty pleas were not voluntarily, willingly, and intelligently entered.
¶ 6. Hamberlin asserts that his guilty pleas should be vacated as he did not give them knowingly, voluntarily, or intelligently. Specifically, Hamberlin claims that his counsel, Mr. Nelson, deceived him regarding the recommended sentences in the guilty pleas, leading Hamberlin to believe that the maximum sentence would be eight years. Hamberlin said that Mr. Nelson told him to lie to the circuit court regarding his knowledge of his guilty pleas. He also asserts that Mr. Nelson knew of Hamberlin's physical infirmities and took advantage of the fact he could not see well.[3] Hamberlin maintains that as he was only able to see to sign his name, he was unable to understand the substance of the plea petitions.
¶ 7. "[A] plea is binding only if it is entered into voluntarily." Robinson v. State, 964 So.2d 609, 612(¶7) (Miss.Ct.App. 2007) (citing Myers v. State, 583 So.2d 174, 177 (Miss.1991)). There must be "a showing in the record that the guilty plea is voluntarily" given. Id. "A plea of guilty is not voluntary if induced by fear, violence, deception, or improper inducements." URCCC 8.04(A)(3). Hamberlin asserts in his brief that his case is factually "on the mark" with Myers, where the supreme court reversed the trial court's denial of a post-conviction motion based on the false representations made by the defendant's counsel in regard to the minimum/maximum sentence. However, we reject the comparison. In Myers, counsel made oral statements that were clearly erroneous. Myers, 583 So.2d at 177. In addition, affidavits were provided from family members corroborating Myers's claims. Id. We find no such evidence here.
¶ 8. The transcript from the trial court clearly contradicts Hamberlin's claims. First, the transcript shows that the State specifically reported the recommended sentences at the hearing and that Hamberlin understood those. The transcript of the plea colloquy provides:
THE STATE: In Cause No. 182 the State is recommending that the defendant receive a sentence of eight years. That would be to serve as a habitual offender under 99-19-81. Your Honor, he was indicted under that enhancement *145 at the time. The State has agreed to dismiss the second subsequent enhancement on both the indictments. In Cause No. 181 the defendant is to receive seven years to serve in the Mississippi Department of Corrections. That's consecutive to 182, Your Honor, and 00-0059-CR-V, which is an agreed revocation. He's got five years left on that. On 181 he's not to serve as a habitual offender. I think the total would be 20 years with eight of them being as a habitual offender.
THE COURT: The State has stated what they will recommend. Has anyone led you to believe they were going to recommend anything less than or different than that?
HAMBERLIN: No, sir.
(Emphasis added). In addition, Hamberlin was given the opportunity at the hearing to give a statement to the court. Hamberlin declined to do so.
¶ 9. In regard to his claim that his attorney forced him to lie at the hearing, the trial judge specifically asked Hamberlin whether he was threatened or was promised anything in order to get him to enter his guilty pleas, and Hamberlin answered in the negative. The transcript further provides:
THE COURT: Mr. Hamberlin, are you satisfied with the services of your attorney?
HAMBERLIN: Yes.
THE COURT: Has he threatened you in any manner or promised you anything in order to get you to enter a guilty plea?
HAMBERLIN: No, sir.
THE COURT: Do you believe your attorney has given you proper advice on these guilty pleas?
HAMBERLIN: Yes.
Based on our review of the record, we find no evidence to support Hamberlin's claims. Hamberlin indicated to the trial court that he understood the substance of the petition and that he had no issue with the advice given to him by his attorney. Accordingly, this issue is without merit.

II. Whether counsel for Hamberlin rendered ineffective assistance in violation of the Sixth and Fourteenth Amendments to the United States Constitution.
¶ 10. Hamberlin's second argument is that Mr. Nelson rendered ineffective assistance of counsel. In order to succeed on this claim, Hamberlin must demonstrate "that his trial counsel's performance was deficient and the deficient performance prejudiced his defense." Davis v. State, 973 So.2d 1040, 1043(¶4) (Miss.Ct.App.2008) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). We start with the "presumption that counsel's conduct is within the wide range of reasonable conduct" and "that decisions made are strategic." Leatherwood v. State, 473 So.2d 964, 969 (Miss.1985). "If the attorney believes that it is in his client's best interest to plead guilty, it is his duty to inform him of that fact." Robinson, 964 So.2d at 612(¶8).
¶ 11. Hamberlin has produced no evidence, other than his sworn motion for sentencing reconsideration, to support this claim.[4] "It is firmly established that mere allegations are insufficient to entitle a defendant to an evidentiary hearing on a *146 post-conviction claim of ineffective assistance of counsel." Ealey v. State, 967 So.2d 685, 691(¶18) (Miss.Ct.App.2007) (citations omitted). "Post-conviction claims of ineffective assistance are properly dismissed where the defendant offers only his affidavit in support of his allegations." Id. (citing Vielee v. State, 653 So.2d 920, 922 (Miss.1995); Brooks v. State, 573 So.2d 1350, 1354 (Miss.1990)).
¶ 12. Furthermore, as we have already discussed, Hamberlin, in his plea colloquy, expressed satisfaction with his representation. For these reasons, we find no merit to this issue.

III. Whether the trial court erred in denying Hamberlin's motion for post-conviction relief without conducting an evidentiary hearing.
¶ 13. This Court has stated:
A trial court has considerable discretion in determining whether to grant an evidentiary hearing. Not every motion for post-conviction relief filed in the trial court must be afforded a full adversarial hearing. A trial judge may disregard the assertions made by a post-conviction movant where, as here, they are substantially contradicted by the court record of proceedings that led up to the entry of a judgment of guilt.
Hebert v. State, 864 So.2d 1041, 1045(¶11) (Miss.Ct.App.2004) (internal citations omitted). When the only evidentiary support offered by a defendant is his own affidavit, or in this case, his sworn motion for reconsideration, and it is "contradicted by his own sworn statement, an evidentiary hearing is not required." Ealey, 967 So.2d at 691(¶19). For these reasons, we find that no evidentiary hearing was warranted.
¶ 14. Finding no error in the trial court's denial of Hamberlin's motion for post-conviction relief, we affirm.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WARREN COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] On February 26, 2001, Hamberlin entered a guilty plea to possession of more than two grams but less than ten grams of cocaine. His plea was accepted by the trial court which imposed a term of six years' imprisonment with all but 180 days of that term suspended. Hamberlin was also convicted of possession of cocaine with intent to distribute on June 12, 1995, and sentenced to serve eight years. Therefore, he was considered a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev.2007).
[2] Hamberlin was also fined $2,398 and a forfeiture of $278 in cash.
[3] Hamberlin stated that he had a stroke in 1997 and suffered from glaucoma. However, the record only reflects issues due to the stroke, heart problems, and diabetes.
[4] Although the State asserts that Hamberlin presented no affidavit in support of his claim, we find his notarized motion for sentencing reconsideration sufficient as a sworn statement.