ROBERTS, J.,
 

 for the Court.
 

 ¶ 1. Michael A. Bliss pled guilty to possession of precursor chemicals with the intent to manufacture methamphetamine. Bliss requested that the Warren County Circuit Court place him in the drug court program. The circuit court accepted Bliss’s guilty plea. Approximately one week later, Bliss was rejected from the drug court program. Subsequently, the circuit court sentenced Bliss to twenty years in the custody of the Mississippi Department of Corrections (MDOC) with four years suspended and sixteen years to serve followed by five years of post-release supervision. Bliss filed a motion for post-conviction relief and claimed he did not knowingly, voluntarily, and intelligently plead guilty. Additionally, Bliss claimed he received ineffective assistance of counsel during his guilty plea proceedings. The circuit court summarily dismissed Bliss’s motion for post-conviction relief. Aggrieved, Bliss appeals and revisits his arguments before the circuit court. Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. In the summer of 2005, Bliss was stopped for speeding. A Warren County Sheriffs Deputy smelled ether in Bliss’s truck. Deputies searched Bliss’s truck and found several items used to manufacture methamphetamine. Bliss told the deputies that he found the items in a trailer he was “fixing up.”
 

 ¶ 3. Bliss consented to a search of the trailer. Deputies found ethyl ether, ammonium nitrate, sulfuric acid, heptane, and pseudoephedrine. Deputies also found some methamphetamine. The record does not contain a copy of Bliss’s indictment.
 
 *779
 
 In any event, Bliss pled guilty to possession of precursor chemicals with the intent to manufacture methamphetamine.
 

 ¶4. Bliss offered an “open” plea and asked the circuit court to place him in the drug court program.
 
 [1]
 
 The circuit court explained that it could not guarantee that Bliss would be accepted into the drug court program. The circuit court did not sentence Bliss at that time. Bliss went before the drug court and, for whatever reason, was not accepted into the drug court program. The record does not contain a transcript of that examination.
 

 ¶ 5. The circuit court later conducted a sentencing hearing. The record does not contain a copy of Bliss’s sentencing hearing or a copy of his sentencing papers. However, Bliss claims the circuit court sentenced him to twenty years in the custody of the MDOC with four years suspended and sixteen years to serve followed by five years of post-release supervision.
 

 ¶ 6. Bliss filed a motion for post-conviction collateral relief. According to Bliss, he did not enter his guilty plea freely, voluntarily, and intelligently because he believed he would be placed in drug court. Bliss also claimed he received ineffective assistance of counsel in that his attorney incorrectly told him he would be placed in drug court. The circuit court summarily dismissed Bliss’s motion. Bliss appeals.
 

 STANDARD OF REVIEW
 

 ¶ 7. A trial court may dismiss a motion for post-conviction relief “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief[.]” Miss.Code Ann. § 99-39-11(2) (Rev.2007). In reviewing a circuit court’s decision to dismiss a motion for post-conviction relief, we will not disturb the circuit court’s factual decisions unless they are clearly erroneous.
 
 Williams v. State,
 
 872 So.2d 711, 712(¶ 2) (Miss.Ct.App.2004). However, we review questions of law de novo.
 
 Id.
 

 ANALYSIS
 

 I. VOLUNTARY GUILTY PLEA
 

 ¶ 8. “[A] plea is binding only if it is entered into voluntarily.”
 
 Robinson v. State,
 
 964 So.2d 609, 612(¶ 7) (Miss.Ct.App.2007) (citing
 
 Myers v. State,
 
 583 So.2d 174, 177 (Miss.1991)). There must be “a showing in the record that the guilty plea is voluntarily” given.
 
 Id.
 
 “A plea of guilty is not voluntary if induced by fear, violence, deception, or improper inducements.” URCCC 8.04(A)(3). Bliss argues that his plea was involuntary because he believed he would be placed in the drug court program.
 

 ¶ 9. Bliss’s claim fails because the circuit court judge never told him that he would, in fact, be placed in the drug court program. Instead, the circuit court judge told Bliss he may or may not be accepted into the drug court program. Specifically, the circuit court judge stated, “you’re going to request to enter [d]rug [c]ourt, but that has not been guaranteed or anything else.” The circuit court judge also asked Bliss whether anyone had promised him anything to persuade him to plead guilty. Bliss swore that no one had promised him anything to induce his guilty plea. Because the record does not contain a transcript of Bliss’s drug court examination or a transcript of Bliss’s sentencing hearing, it is unclear why Bliss was not accepted.
 

 ¶ 10. Moreover, the circuit court judge informed Bliss of the minimum and maximum sentences for possession of precur
 
 *780
 
 sors with the intent to manufacture methamphetamine. The circuit court judge went on to inform Bliss that, in the event that Bliss was not accepted into the drug court program, he could sentence Bliss to any term of incarceration within that range of sentences. It follows that, in so doing, the circuit court informed Bliss of the possibility that Bliss would not be accepted into the drug court program. Accordingly, we find no merit to this issue.
 

 II. EFFECTIVE ASSISTANCE OF COUNSEL
 

 ¶ 11. Bliss claims his attorney rendered ineffective assistance of counsel because he led Bliss to believe that he would be placed in the drug court program. In order to succeed on this claim, Bliss must demonstrate “that his trial counsel’s performance was deficient and the deficient performance prejudiced his defense.”
 
 Davis v. State,
 
 973 So.2d 1040, 1043(¶ 4) (Miss.Ct.App.2008) (citing
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2062, 80 L.Ed.2d 674 (1984)). We start with the “presumption that counsel’s conduct is within the wide range of reasonable conduct” and “that decisions made are strategic.”
 
 Leatherwood v. State,
 
 473 So.2d 964, 969 (Miss.1985). “If the attorney believes that it is in his client’s best interest to plead guilty, it is his duty to inform him of that fact.”
 
 Robinson,
 
 964 So.2d at 612(¶ 8).
 

 ¶ 12. There is no merit to this issue. During his guilty plea hearing, Bliss swore that his lawyer had not promised him anything to get him to plead guilty. Bliss also swore that he was satisfied with the services of his attorney. “It is firmly established that mere allegations are insufficient to entitle a defendant to an evidentiary hearing on a post-conviction claim of ineffective assistance of counsel.”
 
 Ealey v. State,
 
 967 So.2d 685, 691(¶ 18) (Miss.Ct.App.2007) (citations omitted). Additionally, Bliss only submitted his own affidavit in support of his allegation. “Post-conviction claims of ineffective assistance are properly dismissed where the defendant offers only his affidavit in support of his allegations.”
 
 Id.
 
 (citing
 
 Vielee v. State,
 
 653 So.2d 920, 922 (Miss.1995);
 
 Brooks v. State,
 
 573 So.2d 1350, 1354 (Miss.1990)).
 

 ¶ 13. THE JUDGMENT OF THE WARREN COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WARREN COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ„ CONCUR.
 

 [1]
 

 . During Bliss’s guilty plea hearing, the circuit court judge explained that an ‘‘[o]pen plea means that there's no agreement as to any sentence.”