802 So.2d 105 (2001)
Kevin BENOIT a/k/a Kevin Paul Benoit, Appellant
v.
STATE of Mississippi, Appellee.
No. 1999-CP-02091-COA.
Court of Appeals of Mississippi.
September 18, 2001.
Rehearing Denied December 18, 2001.
Kevin Benoit, Appellant, pro se.
Office of the Attorney General by John R. Henry Jr., Booneville, Attorney for Appellee.
Before McMILLIN, C.J., BRIDGES, and MYERS, JJ.
McMILLIN, C.J., for the Court:
¶ 1. Kevin Benoit filed a pro se motion for post-conviction relief in the Circuit *106 Court of Rankin County after pleading guilty to one count of sexual battery. In the petition, Benoit set out fourteen separate grounds he felt entitled him to relief. After an evidentiary hearing on the petition at which Benoit represented himself with the assistance of an appointed public defender, the trial court denied Benoit any relief. Benoit has now appealed that ruling to this Court, raising four issues. His claims are: (1) a non-specific allegation that the dismissal of his motion "was error," (2) that he was not afforded a full hearing on his claim for post-conviction relief, (3) that he was denied effective assistance of counsel in pursuing post-conviction relief, and (4) that the judge presiding over the proceeding was biased. We find these claims to be without merit and affirm the trial court's ruling.
¶ 2. Insofar as this Court can reconstruct Benoit's claim that it "was error" on the trial court's part to dismiss his claim, it appears that he is alleging his trial counsel was ineffective because he failed to attempt to suppress certain incriminating out-of-court statements made by Benoit and that the attorney should have demurred to the indictment because it failed to properly charge any crime. We will consider those two separate claims in order.

A.

Admissibility of Incriminating Statements
¶ 3. Benoit's judgment of guilt arose by virtue of his entry of a plea of guilty and was not based on any alleged statements made by him indicating his guilt. It may be that Benoit's claim is that, had counsel succeeded in suppressing Benoit's incriminating statements, the State would have not had sufficient evidence to convict him, thereby making his decision to plead guilty without first testing the admissibility of the evidence an unwise course of action. Claims of ineffective assistance of counsel, in order to succeed, must demonstrate both defective performance and a showing that, but for that performance, there was a substantial probability that the outcome of the proceeding would have been different. Hiter v. State, 660 So.2d 961, 965 (Miss.1995); Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Benoit presents no evidence indicating that there was any reasonable probability that his statements could have been suppressed. Nor is there any evidence suggesting that these statements formed such an integral part of the State's case that, without them, a conviction was unlikely. For that reason, we find that Benoit has failed to meet the second prong of the test for ineffective assistance of counsel.

B.

Defective Indictment
¶ 4. The indictment did, in fact, charge the elements of the crime in lessthan-specific form. In its essential parts, the indictment alleged that Benoit "did engage in sexual penetration as defined by M.C.A. 97-3-97 with [the victim] ... against her will...." The lack of specificity in such a charge arises from the fact that the referenced statute defining sexual penetration includes a number of different forms of sexual activity within the definition. Miss.Code Ann. § 97-3-97 (Rev. 2000). Benoit alleges that the indictment, because of its failure to describe the particular nature of the alleged penetration, was too vague and imprecise to adequately advise him of the charge brought against him. We resolve this issue against Benoit by virtue of the holding of the Mississippi Supreme Court in the case of Hines v. State, 472 So.2d 386, 390 (Miss.1985). In that case, the supreme court held that an *107 indictment could withstand a claim of impermissible vagueness so long as the indictment "charges sexual penetration of an identified victim on a specified date in a specified geographical location...." Hines, 472 So.2d at 390. Hines claimed that, since the statute defined multiple acts that would constitute penetration, such an indictment exposed him to the possibility of multiple prosecutions for the same offense so long as the State merely altered its proof as to the specific method of penetration. Id. The court rejected that argument, finding, to the contrary, that the broader accusation actually offered greater double jeopardy protection than would be afforded by a more definite description of the specific nature of the defendant's actions. Id.
¶ 5. Benoit's claim that he was not afforded a full hearing on his post-conviction relief claim is, beyond question, without merit. Likewise, we summarily reject Benoit's claim that the attorney assisting him in presenting his petition was ineffective or that the trial judge was biased against Benoit. The trial court appointed counsel to assist Benoit in presenting his various claims. That attorney was effective in assisting Benoit in presenting his available evidence and argument on each of the multiple claims for relief raised in Benoit's pro se petition. During the course of the hearing, the court permitted Benoit the widest possible latitude in making his case. There is not one time in the transcript where it would appear that Benoit was prevented from presenting any matter he felt the judge should consider, even though there were many instances in which Benoit was presenting material that clearly had no relevance to the matter under consideration. The patience of the trial court in permitting Benoit to pursue his claim for relief is, in the view of this Court, worthy of commendation rather than serving as a point of criticism. By any objective review of the transcript, there is not the slightest hint of any ineptitude on the part of Benoit's assisting counsel or bias and prejudice against him by the trial court.
¶ 6. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO RANKIN COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, AND CHANDLER, JJ., CONCUR. BRANTLEY, J., NOT PARTICIPATING.