852 So.2d 671 (2003)
John F. GROSS a/k/a John Felix Gross, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-CA-01185-COA.
Court of Appeals of Mississippi.
March 25, 2003.
Rehearing Denied May 27, 2003.
Certiorari Denied August 14, 2003.
*672 T. Swayze Alford, Lynn Chain Cooper, Oxford, attorneys for appellant.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before McMILLIN, C.J., THOMAS and CHANDLER, JJ.
McMILLIN, C.J., for the court.
¶ 1. John Gross pled guilty in June 1998 to the crime of driving under the influence of intoxicants and thereby causing the death of another. Prior to making his decision to enter a guilty plea, Gross filed a pre-trial motion to suppress evidence of a post-accident medical test that showed a high level of alcohol content in his bloodstream. The trial court denied the motion, relying on the provisions of Section 63-11-8 of the Mississippi Code, which mandated such blood alcohol testing for all drivers involved in an accident resulting in a fatality. Miss.Code Ann. § 63-11-8 (Rev.1996) (declared unconstitutional in McDuff v. State, 763 So.2d 850 (Miss.2000)). In the face of that ruling, Gross decided that his best course was to enter a plea of guilty.
¶ 2. Gross subsequently filed a motion for post-conviction relief claiming that the trial court erred in that evidentiary ruling. The trial court denied Gross any relief on his motion without a hearing. Gross has now appealed that ruling to this Court. We affirm.
¶ 3. Gross based his claim for post-conviction relief on a decision by the Mississippi Supreme Court rendered after *673 he entered his guilty plea that declared Section 63-11-8 of the Mississippi Code unconstitutional. In that decision, the supreme court found that obtaining the necessary blood samples to conduct such tests without a prior determination of probable cause (or without first obtaining the driver's informed consent) was an unreasonable search and seizure prohibited by the Fourth Amendment. McDuff, 763 So.2d at 856.
¶ 4. Gross appears to contend that he may raise this issue in a post-conviction relief proceeding under the authority of Section 99-39-5(1)(c), which permits relief when "the statute under which the conviction and/or sentence was obtained is unconstitutional." Miss.Code Ann. § 99-39-5(1)(c) (Rev.2000). We find that argument unpersuasive. That portion of the postconviction relief statute plainly applies only in those cases where the statute defining the crime or defining the prescribed punishment is later successfully attacked on constitutional grounds. As we have previously observed, the trial court in this case dealt with a garden-variety evidentiary question that, in the court's view, happened to be controlled by a statutory provision. That question had nothing to do with the constitutionality of the statute defining the crime under which Gross was indicted. It remained within Gross's power to mount a challenge to the trial court's ruling on this question of evidence that could have included an attack on the constitutionality of the statute relied upon by the court. Even if unsuccessful in such efforts at the trial level, Gross could have continued the constitutional challenge in an appeal and, had he done so, it must be assumed that his tenacity would have been rewarded with the same success that Beverly Ann McDuff found less than two years later.
¶ 5. It is critical to note that the McDuff decision holding the provisions of Section 63-11-8 requiring automatic blood testing unconstitutional came long after Gross's judgment of sentence on his guilty plea was entered and any possible right of direct appeal from that judgment had expired. The issue, then, becomes whether a subsequently issued opinion of the supreme court which plainly shows the error of an evidentiary ruling made in a prior proceeding may be the ground for postconviction relief.
¶ 6. One of the fundamental principles governing the extraordinary remedy of post-conviction relief is that issues that could or should have been fully litigated in the original trial of the causethat term being understood to include the exhaustion of available rights of direct appellate review of alleged trial court errorsmay not be litigated in a post-conviction relief proceeding. Smith v. State, 434 So.2d 212, 215 (Miss.1983). It is also a fundamental concept of criminal procedure that the entry of an informed plea of guilty acts as a waiver of the right to subsequently complain of alleged violations of any number of rights arising under the constitution, including those found under the Fourth Amendment. King v. State, 738 So.2d 240, 240(¶ 5) (Miss.1999); McMillian v. State, 774 So.2d 454, 458 (¶ 11) (Miss.Ct.App. 2000).
¶ 7. In this case, the trial court declined to suppress evidence relating to Gross's blood alcohol content derived from a blood sample alleged to have been taken without a warrant and without Gross's informed consent. Rather than explore whether probable cause existed for a warrantless extraction of the blood sample or whether Gross's acquiescence (which the defense conceded but maintained was not informed consent) rendered the test results admissible, the trial court relied on Section 63-11-8 to deny Gross's suppression motion. It *674 was at that point that Gross made the decision that it would be in his best interest to enter a plea of guilty rather than face a trial that would have included evidence of the incriminating results of his blood tests.
¶ 8. It is plain that Gross had the same right as did McDuff to continue to protest the admissibility of his blood test results on constitutional grounds even after the trial court's ruling against him. It is also evident that his decision to forego this continued challenge (which hindsight and McDuff's later persistence now reveal seemed destined for success) and enter a plea of guilty acted as a waiver of his right to subsequently re-litigate the issue of the admissibility of this evidence in a postconviction relief proceeding.
¶ 9. Neither is Gross's quest for relief aided by considerations of whether McDuff ought to be given retroactive or merely prospective application. There is a presumption that supreme court decisions in matters such as this are to be given retroactive effect. Kolberg v. State, 704 So.2d 1307, 1316 (¶ 40) (Miss.1997). However, the term "retroactive" in that context means only that the decision altering the law applies to all cases that are still pending in an active status, either at the trial level, or on direct appeal. Thompson v. City of Vicksburg, 813 So.2d 717, 721 (¶ 15) (Miss.2002). In suggesting that such issues are not the proper subject for postconviction relief, the Mississippi Supreme Court had this to say:
These notions of finality dictate a similar rule in Mississippi post-conviction proceedings with respect to constitutional claims which were unrecognized at the time of an accused's trial. Such unrecognized constitutional claims will be allowed as grounds for overcoming the procedural bars which we have strictly applied ... only upon a clear showing that such claims could not have been raised at trial and on appeal. Such a rule is consistent both with the United States Supreme Court holding in Engle v. Isaac and our own longstanding rule that post-conviction relief in Mississippi does not lie for facts and issues which could or should have been litigated at trial.
Smith v. State, 434 So.2d 212, 215 n. 216 (Miss.1983) (citation omitted).
¶ 10. As an alternative argument, Gross points out that the blood sample was drawn at the direction of a Mississippi law enforcement officer at a time when Gross was in a Tennessee medical facility. He suggests that evidence of the test results was improperly admitted on the basis that a Mississippi official lacks the authority to order such tests outside the geographical boundaries of the state of Mississippi. Gross does not attempt to explain why this issueagain, nothing more than a dispute over the admissibility of evidencecould not have been litigated to conclusion at trial and, if necessary, by direct appeal of an unsatisfactory ruling by the trial court. We conclude that this more direct avenue to seek relief was, in fact, available to Gross had he chosen not to enter a plea of guilty. On that basis, we determine that this alternate theory is not an appropriate basis for post-conviction relief.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY OF DENIAL OF POST CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.