LEE, P.J.,
for the Court.
PROCEDURAL HISTORY AND FACTS
¶ 1. On July 7, 1997, in the Rankin County Circuit Court, Kevin Benoit pled guilty to sexual battery. Benoit then filed a motion for post-conviction relief on August 3, 1999. Benoit’s motion was heard on November 5, 1999, and denied that same day. Benoit appealed that denial and, on September 18, 2001, this Court denied relief. See Benoit v. State, 802 So.2d 105 (Miss.Ct.App.2001). On April 22, 2004, Benoit filed a second motion for post-conviction relief, which was denied on April 27, 2004. The trial court found Be-noit’s motion was barred as a successive writ. Benoit then filed a request for rehearing, which was also denied. Benoit now appeals to this Court asserting that his second motion for relief is not a successive writ and that his guilty plea was not entered into intelligently or voluntarily. Finding no merit, we affirm.
STANDARD OP REVIEW
¶ 2. The standard of review for a denial of a post-conviction motion is well-stated: The findings of the trial court must be clearly erroneous in order to overturn a lower court’s denial of a post-conviction relief motion. McClinton v. State, 799 So.2d 123, 126 (¶ 4) (Miss.Ct.App.2001).
DISCUSSION
I. DID THE TRIAL COURT ERR IN FINDING THAT BENOIT’S SECOND MOTION WAS A SUCCESSIVE WRIT?
¶ 3. In his first issue, Benoit argues that his second motion for post-conviction relief was not a successive writ and, therefore, should have been heard on the merits. According to Mississippi Code Annotated Section 99-39-23(6) (Supp.2004), an order by the court either dismissing or denying the petitioner’s request for relief “is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion.... ” The trial court found the November 5,1999, order, and its affirmance by this Court, to be a final judgment and, since it had not been reversed, it was a bar to Benoit’s April 22, 2004, motion for relief. As Benoit has failed to point to an exception listed in section 99-39-23(6) to overcome the successive writ bar, we can find no error; thus this issue is without merit.
II. WAS BENOIT’S GUILTY PLEA ENTERED INTO INTELLIGENTLY AND VOLUNTARILY?
¶ 4. As we found Benoit’s second motion for post-conviction relief to be barred as a successive writ, we decline to address his other issue.
¶ 5. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
KING, C.J., BRIDGES, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.