922 So.2d 31 (2006)
Raymond JONES, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-02491-COA.
Court of Appeals of Mississippi.
February 7, 2006.
*33 Raymond Jones, Appellant, pro se.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
EN BANC.
GRIFFIS, J., for the Court.
¶ 1. Raymond Jones pled guilty to sexual battery. He was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections and ordered to pay a $1,000 fine and court costs. Jones filed a motion for post-conviction relief, which was denied by the Honorable C.E. Morgan, III. On appeal, Jones argues that: (1) the evidence used against him was illegally obtained, (2) his plea was coerced, and (3) his counsel was ineffective. We find no error and affirm.

FACTS
¶ 2. A Grenada County Grand Jury indicted Jones on two counts of touching a child for lustful purposes and two counts of rape of a child. At trial, Jones's attorney moved to suppress a videotape that had been discovered, viewed and seized in Jones's home without a warrant. The police officer who conducted the search and seizure was a Columbus police officer, and the search and seizure took place in Grenada County. The officer was the brother of Jones's roommate Don Owen, who consented to the search. The lower court found that Owen had capacity to consent to the search of the computer room, and the court therefore ruled the videotape was admissible. Following this adverse ruling, Jones pled guilty to sexual battery under Count IV of the indictment. In exchange for his plea, the State dismissed the remaining counts.

STANDARD OF REVIEW
¶ 3. A trial court's denial of post-conviction relief will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). However, when issues of law are raised the proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).

ANALYSIS

I. Should the court have excluded the videotape?
¶ 4. Jones argues that the lower court was required to suppress the video-tape that was illegally obtained from his home. Specifically, he claims the video was obtained without a warrant or warrant exception. He says Owen had no authority to give consent to a search of the computer room, and therefore, the police officer had no authority to search it. The trial court found that Owen did have this common authority over the room, and therefore, there was a consent exception to the warrant requirement.
¶ 5. The State contends this entire Fourth Amendment issue is procedurally barred. The State is correct. A guilty plea waives the right to raise Fourth Amendment challenges on appeal. Smith v. State, 845 So.2d 730, 732(¶ 5) (Miss.Ct. App.2003). The reason is explained by the United States Supreme Court:
[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of his constitutional rights that occurred prior to the entry of the guilty plea.
*34 Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).
¶ 6. For example, in Gross v. State a defendant filed a motion to suppress illegally obtained blood alcohol evidence. Gross v. State, 852 So.2d 671, 672(¶ 1) (Miss.Ct.App.2003). This motion was denied on the basis of Section 63-11-8, which allowed for automatic searches of blood alcohol content without a warrant or probable cause. Id. Consequently, Gross decided to plead guilty to driving under the influence. Id. In the meantime, the Mississippi Supreme Court ruled these searches unconstitutional in McDuff v. State, 763 So.2d 850 (Miss.2000). Id. at 672-73(¶ 3). Gross then filed for post-conviction relief, claiming that the blood alcohol evidence had been illegally obtained. Id. at 672(¶ 2). The Court assumed that Gross had a valid Fourth Amendment claim under McDuff. Id. at 673(¶ 4). Nevertheless, it ruled this claim was waived by virtue of his guilty plea. Id. at 673(¶ 6). "[I]ssues that could or should have been fully litigated in the original trial of the causethat term being understood to include exhaustion of available rights of direct appellate review ... may not be litigated in a post-conviction relief proceeding." Id. The Court concluded that Gross's decision to forego the continued challenge and enter a plea of guilty waived his right to re-litigate the issue. Id. at 674(¶ 8).
¶ 7. Gross controls our decision here. Like Gross, Jones filed a motion to suppress evidence based on illegal search and seizure. Jones also based his decision to plead guilty on the fact that the trial court denied his motion to suppress. The record shows that Jones was advised that he could appeal this ruling, but he nevertheless decided to plead guilty. The record shows he was also advised that pleading guilty waived his rights to appeal. Once he pled guilty, he gave up his right to appeal this evidentiary ruling. His plea served as a break in the chain of events leading up to his plea, including any evidentiary ruling he may have had cause to challenge.
¶ 8. We find that the guilty plea waived this challenge, and Jones may not raise this issue through a motion for post-conviction relief.

II. Was Jones's plea coerced?
¶ 9. Next, Jones alleges that his plea was coerced. He claims that he pled guilty, because the videotape was admitted into evidence. Specifically, he states:
The State threatened to use this Illegally Seized evidence to secure conviction at Trial and seek a Life Sentence for Petitioner. Petitioner, with no recourse and upon advice of counsel was subjected to Mental Coercion overbearing his will as defined in Brady v. U.S., 397 U.S. 742, 750, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).
He further alleges that the trial court and his attorney failed to inform him that pleading guilty would waive an appeal of the Fourth Amendment issue and of the plea.
¶ 10. A plea of guilty is binding only if it is entered voluntarily and intelligently. Myers v. State, 583 So.2d 174, 177 (Miss.1991). A plea is voluntary and intelligent when the defendant is informed of the charges against him and the consequences of his plea. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). A defendant must be told that a guilty plea involves a waiver of the right to a trial by jury, the right to confront adverse witnesses, and the right to protection against self incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). "A showing that the plea was voluntarily and intelligently made must appear *35 in the record." URCCC 8.04. A plea is involuntary if it is coerced by fear, violence, deception, or improper inducements. Id. Merely identifying a "but for" cause to the guilty plea, does not render the plea coerced. Brady v. United States, 397 U.S. 742, 749-50, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The fact that a defendant pled guilty because he feared a harsher sentence otherwise, does not render the plea involuntary. Id.
¶ 11. The fact that Jones pled guilty because the State would seek a life sentence at trial does not render his plea involuntary. Further, the record indicates that the trial judge explicitly informed Jones that by pleading guilty he was waiving his right to appeal. Jones told the judge that he understood. Jones also testified under oath that he was not coerced into pleading guilty. He testified the only reason he was pleading guilty was because he was in fact guilty. Hence, we find that Jones's plea was not coerced.

III. Was Jones's attorney unconstitutionally ineffective?
¶ 12. Finally, Jones argues that his attorney was ineffective, because he lost the motion to suppress, and he failed to inform Jones that he could pursue an interlocutory appeal of the denial of the motion to suppress. Had either of these errors not taken place, he contends he would not have pled guilty. The State counters that Jones testified he was satisfied with his attorney's representation and failed to show that he would have won his case had the videotape been suppressed.
¶ 13. To prove ineffective assistance of counsel, defendant must demonstrate that his counsel's performance was deficient, and this deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden of proof rests with the defendant. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). Under Strickland, there is a strong presumption that counsel's performance falls within the range of reasonable professional assistance. Strickland, 466 U.S. at 694, 104 S.Ct. 2052. To overcome this presumption, "the defendant must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result would have been different." Id.
¶ 14. Jones maintains that his attorney did not argue convincingly or clearly enough that the computer room in which the video was found was not a common area, to which his roommate could consent to a search. Allegations of ineffectiveness must be made with specificity. Garner v. State, 864 So.2d 1005, 1008(¶ 13) (Miss.Ct.App.2003). We find this allegation is too vague to state an ineffective assistance claim. Further, we note that in his brief Jones does credit his counsel with making the correct arguments before the judge. He simply argues that his attorney must not have been convincing enough because the judge ruled against him. We find that Jones has failed to show that this was deficient performance under Strickland.
¶ 15. Jones also blames the loss of the motion on the fact that his attorney did not introduce an unsworn letter from Owen that said the computer room was not a common area, to which he could consent to a search. This was neither deficient nor prejudicial. Jones's attorney had Owen admit this very fact, under oath, at the suppression hearing. The decision to submit live testimony rather than an unsworn letter is certainly reasonably effective assistance of counsel. We find it falls within the ambit of reasonable trial strategy, and this Court will not second guess counsel's reasonable trial strategy. Hall v. State, 906 So.2d 34, 38(¶ 15) (Miss.Ct.App.2004) *36 (quoting Scott v. State, 742 So.2d 1190, 1196(¶ 14) (Miss.Ct.App.1999)).
¶ 16. Jones's final contention is that his attorney advised him that he could only appeal the Fourth Amendment ruling on a final appeal. Jones argues this was erroneous advice, and had he known he could seek an interlocutory appeal, then he would not have pled guilty. There is no other evidence to substantiate his claim. We begin by noting, in cases involving post-conviction relief, "where a party offers only his affidavit, then his ineffective assistance claim is without merit." Lindsay v. State 720 So.2d 182, 184(¶ 6) (Miss. 1998). To the contrary, at his plea hearing, Jones testified that he was satisfied with his attorney's advice.
¶ 17. Furthermore, an interlocutory appeal is not an automatic right. M.R.A.P. 5. Permission must be granted by the supreme court. Id. We cannot say with certainty that counsel's alleged advice was wrong in this situation. Regardless, Jones admits he was aware he could have appealed the decision in a final appeal. His attorney and the trial court advised him he would have the right to appeal his case if he went forward. Jones has failed to show why the timing of the appeal affected his desire to plead guilty.
¶ 18. Because Jones has not overcome the presumption that his attorney rendered reasonable, effective assistance, we affirm the lower court's ruling on this issue.

CONCLUSION
¶ 19. We find no merit to the issues raised in this appeal and affirm the lower court's denial of post-conviction relief.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF GRENADA COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GRENADA COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES AND ISHEE, JJ., CONCUR. SOUTHWICK AND ROBERTS, JJ., NOT PARTICIPATING.