# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2012-KA-01556-COA

**BENJAMIN SHELTON A/K/A BENJAMIN LEE**          **APPELLANT**
**SHELTON A/K/A BENNY A/K/A BENJAMIN L.**
**SHELTON**

v.

**STATE OF MISSISSIPPI**          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/24/2012 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | RODNEY A. RAY |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | FORREST ALLGOOD |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF SEXUAL BATTERY AND SENTENCED TO TWELVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH SEVEN YEARS TO SERVE AND FIVE YEARS SUSPENDED CONDITIONED ON POST-RELEASE SUPERVISION, AND TO PAY A $1,000 FINE |
| DISPOSITION: | AFFIRMED - 10/28/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., ISHEE, MAXWELL AND JAMES, JJ.**

**ISHEE, J., FOR THE COURT:**

¶1. Benjamin Shelton was convicted of sexual battery by a jury in the Lowndes County Circuit Court on August 24, 2012. He was sentenced to twelve years, with five years suspended conditioned on post-release supervision, and seven years to serve, all in the

custody of the Mississippi Department of Corrections (MDOC). On August 30, 2012, Shelton filed a motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial. The motion was denied. Aggrieved, Shelton appeals.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

¶2. On April 29, 2009, Shelton was indicted by a grand jury in Lowndes County for two counts of sexual battery and one count of solicitation. At the beginning of the trial, the State moved to amend the indictment as to the date in the charge of solicitation. The circuit court sustained the motion, severed the third count from the indictment, and set it for a separate trial. As such, a jury trial was then held on August 21-23, 2012, on the two-count indictment, both counts of sexual battery.

¶3. At trial, F.N.L.[1] testified that he met Shelton in the summer of 2008 when he began attending Eastview Baptist Church in Columbus, Mississippi. F.N.L., who was seventeen years old at the time, lived near the church with his mother and younger brother. He stated that he attended church every Sunday morning and Wednesday evening. On Sunday mornings, Shelton would sometimes teach F.N.L.'s Sunday school class. F.N.L. stated that Shelton helped with the church's youth group and took members of the youth group, including F.N.L., out to eat and, in May 2008, to the Market Street Festival.

¶4. In July 2008, F.N.L. attended a two-night youth retreat that the church, conducted at Lake Lowndes in Lowndes County, Mississippi. According to him, there were approximately fifteen to twenty children and four to five chaperones present on the retreat.

---

[1] The initials are used to conceal the actual name of the minor victim.

The group stayed in a duplex-like cabin, with all the boys on the right side and all the girls on the left side.

¶5.     F.N.L. described the cabin as having a large living room between the rooms for the boys and girls. From the living room, and in addition to the separate sides for the boys and the girls, there was access to a separate bedroom, a kitchen, and a sliding glass door that led to the outside. F.N.L. claimed that the separate bedroom was where Shelton slept that weekend.

¶6.     On the first night, at roughly 2 a.m., a water-balloon fight broke out inside the cabin. F.N.L. testified that he had been asleep on the couch in the living room when he was hit by a water balloon. F.N.L. left the living room, went to the separate bedroom, and climbed in the bed. F.N.L. stated that Shelton was not in the room because he was participating in the water-balloon fight. Shortly after, F.N.L. fell back to sleep.

¶7.     At approximately 6 a.m., F.N.L. awoke to Shelton's hands in his underwear and Shelton's penis in his mouth. F.N.L. testified that he pushed Shelton away, went outside to the dock, and stayed out there until everyone else woke up. F.N.L. stated that, later that morning, he told his friend, Jessica Andrews, that he had woken up to Shelton's hands in his underwear. According to F.N.L., Shelton did not say anything until the next morning when he apologized via text message.

¶8.     Following the retreat, F.N.L. stopped going to church for about three to four weeks. He stated that, when he returned, Shelton apologized, asked him not to tell anyone about their sexual interaction, and offered to make it up to F.N.L. F.N.L. then began to allow Shelton to give him and his friends rides and take them out to eat.

¶9.     F.N.L. turned eighteen years old on December 27, 2008. He testified that, on January 8, 2009, he contacted Shelton about getting a ride to Wal-Mart to buy a phone card, and Shelton agreed to give him the ride. F.N.L. testified that, after they left Wal-Mart, Shelton drove to a self-storage building, parked, locked the doors, and forced F.N.L. to perform oral sex. Afterwards, Shelton dropped F.N.L. back off at his grandmother's house.

¶10.    F.N.L. testified that, after the incident, he was scared and decided to confide in his ex-girlfriend, Heather Richardson. Richardson then called F.N.L.'s grandmother, who later informed his mother. On January 9, 2009, F.N.L. filed a report with the Lowndes County Sheriff's Office claiming that he had been sexually assaulted by Shelton. F.N.L. testified that his statement with the sheriff's office inaccurately stated that Shelton's mouth was on his penis. However, he corrected this statement during his testimony.

¶11.    At trial, Tony Cooper, a detective with the sheriff's office, testified that he was present when F.N.L. gave his statement to Detective Tony Perkins. Subsequently, Detective Cooper obtained statements from Shelton regarding both the 2008 and 2009 incidents reported by F.N.L. In these statements, which were admitted into evidence at trial, Shelton admitted that he had consensual oral sex with F.N.L. on January 8, 2009. Shelton also stated that he and F.N.L. engaged in sexually explicit text messaging for months prior to January 8, 2009. However, Shelton denied any sexual allegations regarding the incident in July 2008.

¶12.    James Eads Jr. also testified on behalf of the State. Eads stated that he was pastor of Eastview Baptist in 2008 and had attended the youth retreat that summer. During the retreat, Eads was told by his niece, Andrews, that Shelton had done something to F.N.L. He testified that he approached F.N.L., who admitted that he had woken up to Shelton's hand in his

4

underwear. Eads confronted Shelton about the incident, but testified that Shelton denied any involvement and later told him that he worked out the issue with F.N.L. on his own.

¶13. After the State rested its case, the defense moved for a directed verdict. The motion was denied, and subsequently, the defense rested. Following the jury deliberations, Shelton was convicted of one count of sexual battery. He was sentenced to twelve years, with five years suspended conditioned on post-release supervision, and seven years to serve, all in the custody of the MDOC. Shelton then filed a motion for a JNOV or, in the alternative, a new trial, which was denied.

¶14. Shelton now appeals, arguing: (1) the circuit erred by denying his motion for a JNOV or, in the alternative, a new trial; and (2) the jury instructions did not adequately inform the jury of the charge of sexual battery. Finding no error, we affirm the circuit court's judgment.

## DISCUSSION

### I. Sufficiency of the Evidence

¶15. On appeal, Shelton challenges the circuit court's denial of his motion for a JNOV or, in the alternative, a new trial. A motion for a JNOV challenges the sufficiency of the evidence. *Bush v. State*, 895 So. 2d 836, 843 (¶16) (Miss. 2005) (citing *Carr v. State*, 208 So. 2d 886, 889 (Miss. 1968)). In contrast to a motion for a JNOV, a motion for a new trial challenges the weight of the evidence. *Id.* at 844 (¶18) (citing *Herring v. State*, 691 So. 2d 948, 957 (Miss. 1997)). Shelton argues that the evidence was insufficient to sustain his conviction of sexual battery. Since Shelton does not assign error to the weight of the evidence, we decline to address the denial of his motion for a new trial.

¶16. In order for the evidence to be found sufficient to sustain a conviction, the evidence

5

must show "beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed[.]" *Id*. at 843 (¶16) (citing *Carr*, 208 So. 2d at 889). This Court will reverse a conviction only if the evidence "point[s] in favor of the defendant on any element of the offense with sufficient force that reasonable [jurors] could not have found beyond a reasonable doubt that the defendant was guilty." *Id*. (quoting *Edwards v. State*, 469 So. 2d 68, 70 (Miss. 1985)).

¶17. Shelton was convicted under Mississippi Code Annotated section 97-3-95(2) (Rev. 2006), which provides:

> A person is guilty of sexual battery if he or she engages in sexual penetration with a child under the age of eighteen (18) years if the person is in a position of trust or authority over the child including without limitation the child's teacher, counselor, physician, psychiatrist, psychologist, minister, priest, physical therapist, chiropractor, legal guardian, parent, stepparent, aunt, uncle, scout leader or coach.

On appeal, Shelton argues that the State failed to prove beyond a reasonable doubt the element of sexual penetration. Specifically, Shelton argues that F.N.L.'s testimony at trial regarding the 2008 incident conflicted with his statements prior to trial. Shelton maintains that, at all times prior to trial, F.N.L. never stated that Shelton forced him to perform oral sex in July 2008. Shelton asserts that the prosecution only proved that Shelton touched the genitals of F.N.L., and not sexual penetration.

¶18. Mississippi Code Annotated section 97-3-97(a) (Rev. 2006) defines sexual penetration as, "cunnilingus, fellatio, buggery or pederasty, any penetration of the genital or anal openings of another person's body by any part of a person's body, and insertion of any object into the genital or anal openings of another person's body." F.N.L. testified that his statement

6

with the sheriff's office inaccurately stated that Shelton's mouth was on his penis. However, he corrected this statement during his testimony. He stated that he was seventeen years old in July 2008 when Shelton forced him to perform oral sex. This conduct clearly falls within the conduct provided by the statute.

¶19. This Court has held "that the unsupported testimony of a sex-crime victim is sufficient to support a guilty verdict where that testimony is not discredited or contradicted by other credible evidence, especially if the conduct of the victim is consistent with the conduct of one who has been victimized by a sex crime." *Faulkner v. State*, 109 So. 3d 142, 149 (¶31) (Miss. Ct. App. 2013) (citing *Riley v. State*, 797 So. 2d 285, 288 (¶10) (Miss. Ct. App. 2001)). After a review of the record, we cannot find that F.N.L.'s unsupported testimony regarding the explicit details of his sexual encounter with Shelton was discredited or contradicted.

¶20. In his reply brief, Shelton raises a new argument regarding the sufficiency of the evidence as it pertains to the element of position of trust or authority. This issue, however, was not addressed in his initial brief. "We will not consider issues raised for the first time in an appellant's reply brief." *Nelson v. State*, 69 So. 3d 50, 52 (¶8) (Miss. Ct. App. 2011) (citing *Sanders v. State*, 678 So. 2d 663, 669-70 (Miss. 1996)). We find that the State presented sufficient evidence to support the jury's verdict and Shelton's conviction of sexual battery. As such, this issue is without merit.

**II.    Jury Instruction**

¶21. Shelton also challenges the definition of sexual battery while in a position of trust or authority, as provided by Jury Instruction S-3. Jury Instruction S-3 provided:

The Court instructs the Jury that if you find from the evidence in this case beyond a reasonable doubt that the Defendant, Benjamin Shelton[,] did on or about July 19, 2008, unlawfully, willfully, [and] feloniously[ ] engage in sexual penetration with [F.N.L.], a child under the age of 18, the said Benjamin Shelton being in a position of trust or authority over [F.N.L.], the[n] you shall find the Defendant guilty as charged in Count 2. If the State has failed to prove any of these elements beyond a reasonable doubt, then you shall find the Defendant not guilty.

¶22. Specifically, Shelton argues that this instruction failed to adequately define sexual penetration and position of trust or authority. However, during the conference on jury instructions, Shelton's attorney declined to object to Jury Instruction S-3 and agreed that it was a correct statement of law. "In order to preserve a jury[-]instruction issue on appeal, a party must make a specific objection to the proposed instruction in order to allow the lower court to consider the issue." *Crawford v. State*, 787 So. 2d 1236, 1244-45 (¶35) (Miss. 2001). Therefore, this instruction may not be challenged on appeal, and this issue is also without merit. As such, we affirm the circuit court's judgment.

¶23. **THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT OF CONVICTION OF SEXUAL BATTERY AND SENTENCE OF TWELVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH SEVEN YEARS TO SERVE AND FIVE YEARS SUSPENDED CONDITIONED ON POST-RELEASE SUPERVISION, AND TO PAY A $1,000 FINE, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.**