# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-00638-COA

**MARIO D. WILLIAMS A/K/A MARIO WILLIAMS**  **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**  **APPELLEE**

DATE OF JUDGMENT:                        06/08/2020
TRIAL JUDGE:                             HON. TOMIE T. GREEN
COURT FROM WHICH APPEALED:               HINDS COUNTY CIRCUIT COURT,
                                         FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:                  MARIO D. WILLIAMS (PRO SE)
ATTORNEY FOR APPELLEE:                   OFFICE OF THE ATTORNEY GENERAL
                                         BY: META S. COPELAND
NATURE OF THE CASE:                      CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                             AFFIRMED - 10/05/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE WILSON, P.J., McDONALD AND EMFINGER, JJ.**

**EMFINGER, J., FOR THE COURT:**

## FACTS AND PROCEDURAL HISTORY

¶1.    On November 13, 2017, Mario Williams pled guilty to armed robbery and armed carjacking in the Hinds County Circuit Court and was sentenced to twenty-five years on each count, with thirteen years suspended and twelve years to serve in the custody of the Mississippi Department of Corrections. The sentences were set to run concurrently followed by two years of supervised probation.[1] Williams filed a petition for post-conviction collateral

---

[1] There is no copy of a judgment of conviction or sentencing order contained in the record on appeal. There was also no copy of the petition to enter a plea of guilty contained in the record, but the record was supplemented by order of this Court to include the petition. It should be noted that Mississippi Rule of Civil Procedure 54(c) contains a list of documents that the circuit court's order of dismissal should require to be included in the record on appeal.

relief (PCR) on November 8, 2019, seeking to withdraw his guilty pleas and proceed to trial. On June 6, 2020, the circuit court summarily denied and dismissed the petition, finding Williams' pleas were entered "voluntarily, knowingly, and intelligently" and that he had been advised of the "nature of the charges against him" and "the consequences of his pleas." Aggrieved by that decision, Williams filed a notice of appeal from the circuit court's order.

## STANDARD OF REVIEW

¶2.     We will only disturb the circuit court's denial or dismissal of a PCR petition if the factual findings are clearly erroneous. *Wood v. State*, 291 So. 3d 830, 837 (¶16) (Miss. Ct. App. 2020). The circuit court's legal analysis is reviewed de novo. *Id*.

## ANALYSIS

¶3.     In his petition for relief, Williams argues that his attorney coerced him into pleading guilty through "vivid threats of a life sentence for armed robbery"; that he was coerced into pleading guilty even though the State's evidence was insufficient to convict him; and that his attorney misinformed him that he would only serve fifty percent of the sentence recommended by the State. To support his claims, Williams attached to his petition the affidavits of three family members stating that Williams was advised by his attorney that he would only serve fifty percent of his sentence. The three affidavits are identical and appear to have been executed before the same notary public on the same day. Williams did not attach his own affidavit.[2]

---

[2] The PCR petition did not contain a sworn statement of facts required by Mississippi Code Annotated section 99-39-9(1)(d) (Rev. 2020) and was not verified by the oath of the petitioner as required by section 99-39-9(3). Nevertheless, the circuit court elected to proceed on the merits rather than reject the filing as provided by section 99-39-9(4). *See*

2

## I.     The Guilty Plea Hearing

¶4.     The transcript of the guilty plea proceeding on November 13, 2017, shows that Williams was sworn to tell the truth at the beginning of the hearing. During the proceeding, the following exchange occurred:

> Q.     Your attorney passed me a petition to enter a guilty plea. Have you seen this petition before?
>
> A.     Yes, ma'am.
>
> Q.     And did you go over the entire petition with your lawyer?
>
> A.     Yes, ma'am.
>
> Q.     At the bottom of each one of the pages I see the initials M.W. Did you sign each of the pages you went over with your attorney?
>
> A.     Yes, ma'am.
>
> Q.     And on the last page there's a line with a signature on it. Is that your signature?
>
> A.     Yes, ma'am.
>
> Q.     And were you signing under oath that you'd gone over the petition with your attorney, and it was true?
>
> A.     Yes, ma'am.

The answers Williams gave during the hearing were given under oath, and the answers found in the guilty plea petition were acknowledged to be true by Williams during the guilty plea hearing, under oath.[3]

_____

*Ford v. State*, 911 So. 2d 1007, 1011 (¶6) (Miss. Ct. App. 2005).

[3] This testimony by Williams is important because the petition itself is not sworn before a notary public and is not signed by Williams' attorney. In fact, while a petition was

¶5. Williams entered "best interest" guilty pleas to armed robbery and armed carjacking. The State advised the court as to what the State would prove against Williams if the cases were to go to trial. While Williams and his attorney advised the court that Williams contested the allegations, Williams believed it to be in his best interest to enter pleas of guilty to each count in exchange for the State's plea recommendation.[4]

## II. Was Williams coerced into pleading guilty?

¶6. In his PCR petition, Williams argued that there was insufficient evidence to convict him of the charges, but his attorney coerced him into pleading guilty. Williams argues that the victim's identification of him was tainted by an improper photo line-up and that without the victim's identification, there is no evidence to link him to the crime. Williams argued that his attorney coerced him into pleading guilty by telling him that if he went to trial, he would likely be found guilty and face life in prison.

¶7. In *Robinson v. State*, 964 So. 2d 609, 612 (¶¶8-9) (Miss. Ct. App. 2007), this Court said:

> Here, however, Robinson's counsel's advice did not rise to the level of coercion. Counsel has "a duty to fairly, even if that means pessimistically, inform the client of the likely outcome of a trial based upon the facts of the case." *Daughtery v. State*, 847 So. 2d 284, 287 (¶6) (Miss. Ct. App. 2003). If

discussed at the hearing on November 13, 2017, the petition before this court on appeal was not filed in the circuit court until March 13, 2018, four months later.

[4] In *Manuel v. State*, 304 So. 3d 713, 715 (¶2) (Miss. Ct. App. 2020), this Court said:

> Manuel told the judge that he did not agree with the factual basis presented by the State but would enter a "best interest" plea. *See North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970) (holding that a court may accept a guilty plea even if the defendant is unwilling to expressly admit guilt).

the attorney believes that it is in his client's best interest to plead guilty, it is his duty to inform him of that fact. *Id*. (citing *Polk County v. Dodson*, 454 U.S. 312, 318 (1981)). This is what occurred. Robinson's counsel felt that it was in his client's best interest to plead guilty and advised him of such.

"The fact that a defendant pled guilty because he feared a harsher sentence otherwise, does not render the plea involuntary." *Jones v. State*, 922 So. 2d 31, 35 (¶10) (Miss. Ct. App. 2006) (citing *Brady v. United States.*, 397 U.S. 742, 749-50 (1970)). Even if Robinson pled guilty because he did not want to risk a potential sentence of life imprisonment, the maximum for this crime, it does not render his plea involuntary. Miss. Code Ann. § 97-3-79 (Rev. 2006). Robinson provided sworn testimony at the guilty plea hearing that no one used threats, coercion, or physical violence to induce his plea. Accordingly, we find that this allegation is without merit.

The fact that counsel advised Williams that he would face a possible sentence of life plus thirty years if convicted of both counts at trial does not amount to coercion. Upon questioning by the judge during the guilty plea, counsel for the defendant advised the court that he looked at the evidence and the potential defenses and worked with Williams to help him decide whether to accept the State's plea offer. Williams' counsel told the court that he went along with Williams' decision to accept the offer and believed it to be in Williams' best interest.

¶8.    Williams' contention that he was coerced by counsel to enter the guilty pleas is also undermined by his sworn testimony. In *Cook v. State*, 301 So. 3d 766, 773 (¶16) (Miss. Ct. App. 2020), *cert. denied*, 302 So. 3d 647 (Miss. 2020), this Court said:

"[T]rial courts are permitted to rely upon an appellant's sworn testimony from a plea hearing which contradicts assertions made in the PCR motion." *Id*. (quoting *Conner v. State*, 80 So. 3d 876, 878 (¶6) (Miss. Ct. App. 2012)).

Williams testified during the guilty plea hearing, and in his petition, that

- he was satisfied with his attorney;

5

- he had not been "intimidated or coerced in any manner to plead guilty";

- he was offering his plea of guilty "freely and voluntarily and of my own accord";

- he and his attorney had considered potential defenses;

- he had been advised of his rights by his attorney;

- he was given the opportunity to ask questions and have them answered;

- his attorney was competent in looking at his case and helping him make decisions; and

- he believed pleading guilty was his best option under the circumstances.

The circuit court judge reviewed the PCR petition, the transcript of the guilty plea proceeding, and the petition to enter pleas of guilty and found that Williams' pleas of guilty were voluntarily, knowingly and intelligently made and entered.

¶9.	A valid guilty plea waives the right to challenge the sufficiency of the State's evidence. *Higginbotham v. State*, 307 So. 3d 1253, 1256 (¶8) (Miss. Ct. App. 2020). Further, Williams' claim that he was subject to an "unconstitutional suggestive line-up" is procedurally barred by the valid guilty plea. *Burns v. State*, 984 So. 2d 1024, 1025 (¶7) (Miss. 2008). The basis for a "best interest" plea is that Williams voluntarily gives up the right to challenge the State's evidence at trial in exchange for a more favorable sentence recommendation by the State; that is, more favorable than the sentence he would anticipate if convicted at trial. There is no merit to his claim that he was coerced into pleading guilty.

**III.	Was Williams misinformed by counsel as to the amount of time he**

6

**would be required to serve?**

¶10.    Williams also contests the voluntariness of his guilty pleas by arguing that he was misadvised by counsel as to the amount of time he would have to serve. He contends that he was advised that he would only have to serve fifty percent of his sentence. He attached witness affidavits indicating that prior to Williams guilty plea, they heard counsel advise Williams that the sentence would not be mandatory and that he would receive good-time credits for good behavior and would only serve fifty percent of the twelve-year sentence.

¶11.    In *Manuel*, 304 So. 3d at 717 (¶11), this Court said:

> Similarly, a circuit judge is not required to explain a defendant's eligibility or ineligibility for earned time or trusty time during the defendant's plea colloquy. However, a plea is considered involuntary if the defendant's attorney affirmatively misinformed him regarding his eligibility for earned time or trusty time, ***the attorney's erroneous advice was not corrected***, and the defendant pled guilty in reliance on the erroneous advice. *Sylvester v. State*, 113 So. 3d [618,] 623-24 (¶¶19-20) (Miss. Ct. App. 2013); *see also generally Ulmer v. State*, 292 So. 3d 611 (Miss. Ct. App. 2020).

(Emphasis added).   If Williams received misinformation as to parole and good-time eligibility from his attorney prior to the plea, such advice was corrected by the guilty plea petition in this case.   Williams' guilty plea petition, on page three, clearly states that "I understand that I am sentenced for an armed robbery . . . .   I will not be eligible for parole." Then on page 4, the petition states "I understand that if I am not eligible for parole, I will not receive 'good time credits.'"   There is no merit to this claim.

## CONCLUSION

¶12.    Williams bore the burden of proving his pleas were involuntary.  *Wood v. State*, 291 So. 3d 830, 841 (¶34) (Miss. Ct. App. 2020).  The circuit court found that Williams failed

7

to meet this burden.  We agree.  The record supports the circuit court's findings, and as a result, the circuit court's findings were not clearly erroneous.

¶13.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR.**