# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-01236-COA

PAUL THOMPSON                                                    APPELLANT

v.

STATE OF MISSISSIPPI                                             APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 09/16/2020 |
| TRIAL JUDGE: | HON. JAMES T. KITCHENS JR. |
| COURT FROM WHICH APPEALED: | OKTIBBEHA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PAUL THOMPSON (PRO SE) |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: META S. COPELAND |
| | ALLISON ELIZABETH HORNE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 04/05/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WILSON, P.J., GREENLEE AND EMFINGER, JJ.**

**WILSON, P.J., FOR THE COURT:**

¶1.     In 2014, Paul Thompson pled guilty to sexual battery.  In 2017, he filed a motion for post-conviction relief (PCR), which the circuit court dismissed as without merit.  On appeal, Thompson argues that his plea and conviction should be set aside because his indictment was defective, his guilty plea was not knowingly and intelligently entered, his attorney had a conflict of interest and provided ineffective assistance, and his statement and the victim's statement were coerced.  We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     In 2012, an Oktibbeha County grand jury indicted Thompson for committing sexual

battery against "a child under the age of fourteen . . . by inserting his fingers into her private parts" when Thompson was more than twenty-four months older than the child. In 2014, Thompson pled guilty. At his plea hearing, Thompson stated that he and his attorney had gone over his plea petition and that he understood it. The circuit judge advised Thompson of the rights he would waive by pleading guilty and the minimum and maximum sentences for sexual battery, and Thompson stated that he understood. Thompson said he was satisfied with his attorney's performance, and he stated that no one had threatened him or promised him any reward or leniency in exchange for his plea. He said he was pleading guilty because he was guilty and for no other reason.

¶3. The assistant district attorney stated that if the case went to trial, the evidence would show that the police were called to Starkville Middle School because the victim had informed a friend, who in turn informed a teacher, that her stepfather (Thompson) had come into her room that morning and digitally penetrated her vagina. The victim's mother would testify that she and Thompson argued about the allegation and that Thompson eventually confessed to the crime. Thompson also confessed during a recorded interview by the Starkville Police Department. The circuit judge then asked Thompson, "[I]s that what happened?" Thompson answered, "I'm going to plead guilty with that, Your Honor." The judge accepted Thompson's plea, finding that it was voluntarily, knowingly, and intelligently entered.

¶4. In "mitigation," Thompson's attorney stated that Thompson was intoxicated and "high on marijuana" at the time of the crime. The judge sentenced Thompson to twenty years in the custody of the Department of Corrections plus five years of post-release supervision.

¶5.    One day before the expiration of the three-year statute of limitations, Miss. Code Ann. § 99-39-5(2) (Rev. 2020), Thompson filed a PCR motion in the circuit court. The circuit court dismissed the motion as without merit, and Thompson appealed. On appeal, Thompson argues that his indictment was defective; his guilty plea was not knowingly and intelligently entered because his indictment was defective; his attorney had a conflict of interest and provided ineffective assistance; and his statement and the victim's statement were coerced.[1]

## ANALYSIS

### I.    Thompson's indictment was not defective.

¶6.    Thompson argues that his indictment was defective because it failed to define an essential element of sexual battery. Specifically, Thompson argues that his indictment was too vague because it used the phrase "private parts" rather than a specific anatomical term. This argument is without merit.

¶7.    Thompson's indictment alleged that he "unlawfully, willfully, and feloniously[] engage[d] in sexual penetration with . . . a child under the age of fourteen . . . by inserting his fingers into her private parts" while Thompson was at least twenty-four months older than the child. The indictment referenced Mississippi Code Annotated section 97-3-95 (Rev. 2020), which provides:

> (1)    A person is guilty of sexual battery if he or she engages in sexual penetration with:
>
> . . . .

---

[1] To the extent that Thompson raises new or different arguments in his reply brief, "[w]e will not consider issues raised for the first time in an appellant's reply brief." *Shelton v. State*, 172 So. 3d 216, 220 (¶20) (Miss. Ct. App. 2014).

> (d)    A child under the age of fourteen (14) years of age, if the person is twenty-four (24) or more months older than the child.
>
> (2)    A person is guilty of sexual battery if he or she engages in sexual penetration with a child under the age of eighteen (18) years if the person is in a position of trust or authority over the child including without limitation the child's . . . stepparent . . . .

*Id.*[2] For purposes of the statute, "'[s]exual penetration' includes cunnilingus, fellatio, buggery or pederasty, any penetration of the genital or anal openings of another person's body by any part of a person's body, and insertion of any object into the genital or anal openings of another person's body." Miss. Code Ann. § 97-3-73(a) (Rev. 2020).

¶8. Thompson's indictment provided "a plain, concise and definite written statement of the essential facts constituting the offense charged and . . . fully notif[ied] [him] of the nature and cause of the accusation." URCCC 7.06 (deleted effective July 1, 2017).[3] "Formal and technical words are not necessary in an indictment, if the offense can be substantially described without them." *Id.*; *see Forkner v. State*, 277 So. 3d 946, 948-49 (¶¶9-11) (Miss. 2019). An indictment for sexual battery adequately informs the defendant of the charges against him "so long as the indictment 'charges sexual penetration of an identified victim on a specified date in a specified geographical location[.]'" *Benoit v. State*, 802 So. 2d 105, 107 (¶4) (Miss. Ct. App. 2001) (quoting *Hines v. State*, 472 So. 2d 386, 390 (Miss. 1985)). As the Mississippi Supreme Court and this Court have held, an indictment for sexual battery may

---

[2] The language of the indictment tracked subsection (1)(d), but as the victim's stepfather, Thompson could have been indicted under subsection (2) as well.

[3] The Uniform Rules of Circuit and County Court Practice governed the indictment and guilty-plea procedure at the time of Thompson's indictment and plea. The new Mississippi Rules of Criminal Procedure took effect July 1, 2017.

4

allege "sexual penetration" generally and need not identify the specific nature of the penetration. *Hines*, 472 So. 3d at 390; *Benoit*, 802 So. 2d at 106-07 (¶4); *Harris v. State*, 289 So. 3d 742, 746-47 (¶12) (Miss. Ct. App. 2019); *Stewart v. State*, 228 So. 3d 872, 874-75 (¶¶6-9) (Miss. Ct. App. 2017); *see also Jenkins v. State*, 101 So. 3d 161, 164-65 (¶¶9-11) (Miss. Ct. App. 2012) (holding that an indictment for fondling the victim's "private parts" was not defective). Thompson's indictment satisfied the requirements of these cases and provided him with ample notice of the charge against him. Therefore, his challenge to the indictment is without merit.

## II. Thompson's plea was knowing and intelligent.

¶9. Thompson next argues that his guilty plea was not knowingly and intelligently entered because his indictment was vague. However, for the reasons just discussed, Thompson's indictment sufficiently informed him of the allegations against him. Accordingly, this argument is also without merit.

## III. Thompson's ineffective-assistance claim fails.

¶10. Thompson argues that he received ineffective assistance of counsel because his appointed attorney was "campaign[ing] for a job with [the] district attorney's office," which allegedly created a conflict of interest. However, Thompson presents nothing to substantiate his assertion. Nor does he explain how his attorney's alleged interest in a job prejudiced him or caused him to plead guilty. Moreover, Thompson stated under oath during his plea hearing that he was satisfied with his attorney's performance. Given that Thompson has presented no evidence of an actual conflict of interest or any resulting prejudice, Thompson

5

"should be held to his earlier sworn statements about his satisfaction with his attorney." *Borden v. State*, 122 So. 3d 818, 822 (¶14) (Miss. Ct. App. 2013). Accordingly, Thompson's ineffective-assistance claim fails.

## IV. Thompson waived any challenge to his statement or the victim's statement.

¶11. Thompson alleges that the evidence upon which the charge was based—his own confession and statement to the police and the victim's statement—were the product of coercion. However, by entering a valid guilty plea, Thompson waived any challenge to his confession or the victim's statement. *Jenkins v. State*, 986 So. 2d 1031, 1034 (¶11) (Miss. Ct. App. 2008); *Gross v. State*, 852 So. 2d 671, 674 (¶8) (Miss. Ct. App. 2003). Therefore, this issue is also without merit.

## CONCLUSION

¶12. The circuit court correctly dismissed Thompson's PCR motion.

¶13. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**